HARRIET A. GILGALLON, as Administratrix, etc., of OLIVER H. DODD, Deceased, Respondent, v. MARY C. BISHOP, Appellant.

*Assignment of mortgages — made in consideration of board, etc., for the life of the assignor — set aside only on the payment of the amount actually expended in his support.*

Where a consumptive having, as the evidence tends to show, delusions respecting his ailment and its cause, but who is in other respects rational, executes an assignment of certain mortgages held by him in consideration of the assignee's agreement to furnish him with board, medical attendance and other necessaries during his natural life, and to give him Christian burial after his death, the assignment will not, in the absence of evidence that it was procured by improper influence, be set aside after the assignee has performed her agreement, except upon a restoration to her of the consideration actually supplied to the assignor in good faith in performance of the contract.

APPEAL by the defendant, Mary C. Bishop, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Saratoga on the 7th day of April, 1899, upon the decision of the court rendered after a trial before the court without a jury at the Saratoga Trial Term.

*Charles H. Sturges*, for the appellant.

*T. F. Hamilton*, for the respondent.

LANDON, J.:

On December 31, 1897, Oliver H. Dodd, being the owner of two mortgages, together worth about $500, assigned them to the defendant. He died June 7, 1898. The plaintiff is the administratrix of

his estate, and by her complaint seeks to set these assignments aside, alleging that they were made to defraud his creditors, and also that he was of unsound mind when he made them, and that the defendant procured them through her undue influence over him. The trial court gave judgment in favor of the plaintiff, stating as the ground of its decision that said Dodd was mentally incompetent to transfer the same, and that the defendant obtained such assignments by undue influence over his weakened mind and body.

The answer is a general denial, and also alleges that the defendant had no knowledge of other creditors, and that she acted in entire good faith.

The evidence tends to show that the intestate had consumption, and had delusions respecting his ailment and its cause, but that in other respects his conversation and conduct were rational. He was unmarried and had lived with his brother, but having difficulty with him, he went to live with the defendant four days before he executed the assignments. He went alone to a lawyer and procured him to draw the assignments which he then executed, and also a contract to be executed by the defendant, and he took the paper away. The defendant executed the contract the same day. It recites that in consideration of the assignments in question and some other transfers, the defendant agrees to furnish him with board, clothing, shelter, doctor's attendance, medicines and care, the same as if a member of her own family, and see that he suffers for none of the necessaries of life during his natural life, and has Christian burial after his death.

The evidence is to the effect that this agreement of the defendant was performed by her ; that she incurred expenses in so doing to the amount of $212.32, apart from his board, from December 25, 1897, to June 7, 1898, the day of his death — 164 days.

We find no evidence in the case tending to show undue influence, or that the defendant acted otherwise than in good faith. Assuming that the defendant was a lunatic in the sense that he had insane delusions, he was competent to contract for his necessaries, and in the absence of evidence tending to show that the defendant unduly or improperly influenced him to make these assignments, we think they should not be set aside, except upon equitable terms — that is, upon restoration to the defendant of the consideration the defend-

ant actually advanced or supplied to the intestate in good faith in performance of the contract.

The case is small, and in the hope that it may be adjusted without a new trial, we fix the value of the board and care furnished to the intestate at $100, which, added to $212.32, makes $312.32, and direct that the defendant assign to the plaintiff the said mortgages, upon payment to her by the said plaintiff of the sum of $312.32 and the costs of this appeal and in the court entered, and in case of the plaintiff's refusal so to pay upon the tender of such assignments, that said judgment be reversed and the complaint dismissed, with costs and costs of this appeal.

All concurred.

Judgment modified and directed as per opinion. Order to be settled before LANDON, J.