## GILGALLON v. BISHOP.

(Supreme Court, Appellate Division, Third Department.  December 12, 1899.)

INSANE PERSONS—CONTRACTS—NECESSARIES.
> Where a person suffering from insane delusions makes an assignment of property to another in consideration of the latter's agreement to care for him during the balance of his life, and the assignee duly performs such agreement, he should not be required to reconvey such property to the assignor's executor, except on condition that the latter pays the assignee the value of the services rendered by her to decedent.

Appeal from special term, Saratoga county.

Action by Harriet A. Gilgallon, as administratrix, against Mary C. Bishop, to set aside assignments of certain mortgages.  From a judgment in favor of plaintiff, the defendant appeals.  Reversed on conditions.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Charles H. Sturges, for appellant.
T. F. Hamilton, for respondent.

LANDON, J.  On December 31, 1897, Oliver H. Dodd, being the owner of two mortgages, together worth about $500, assigned them to the defendant.  He died June 7, 1898.  The plaintiff is the ad-

ministratrix of his estate, and by her complaint seeks to set these assignments aside; alleging that they were made to defraud his creditors, and also that he was of unsound mind when he made them, and that the defendant procured them through her undue influence over him. The trial court gave judgment in favor of the plaintiff; stating as the ground of its decision that said Dodd was mentally incompetent to transfer the same, and that the defendant obtained such assignments by undue influence over his weakened mind and body. The answer is a general denial, and it also alleges that the defendant had no knowledge of other creditors, and that she acted in entire good faith.

The evidence tends to show that the intestate had the consumption, and had delusions respecting his ailment and its cause, but that in other respects his conversation and conduct were rational. He was unmarried, and had lived with his brother; but, having difficulty with him, he went to live with the defendant four days before he executed the assignments. He went alone to a lawyer, and procured him to draw the assignments, which he then executed, and also a contract to be executed by the defendant, and he took the paper away. The defendant executed the contract the same day. It recites that, in consideration of the assignments in question and some other transfers, the defendant agrees to furnish him with board, clothing, shelter, doctor's attendance, medicines, and care, the same as if a member of her own family, and see that he suffers for none of the necessaries of life during his natural life, and has Christian burial after his death. The evidence is to the effect that this agreement of the defendant was performed by her; that she incurred expenses in so doing to the amount of $212.32, apart from his board from December 25, 1897, to June 7, 1898, the day of his death,—164 days. We find no evidence in the case tending to show undue influence, or that the defendant acted otherwise than in good faith. Assuming that the defendant was a lunatic, in the sense that he had insane delusions, it was competent to contract for his necessaries; and, in the absence of evidence tending to show that the defendant unduly or improperly influenced him to make these assignments, we think they should not be set aside, except upon equitable terms, —that is, upon restoration to the defendant of the consideration the defendant actually advanced or supplied to the intestate in good faith in performance of the contract.

The case is small, and, in the hope that it may be adjusted without a new trial, we fix the value of the board and care furnished to the intestate at $100, which, added to $212.32, makes $312.32, and direct that the defendant assign to the plaintiff the said mortgages upon payment to her by the said plaintiff of the sum of $312.32, and the costs of this appeal, and in the court entered, and, in case of the plaintiff's refusal so to pay upon the tender of such assignments, that said judgment be reversed, and the complaint dismissed, with costs and costs of this appeal. All concur.