ALEXANDER A. MILLER v. SISCILIA BARBER ET AL.

[Argued June 6, 1905—Decided November 13, 1905.]

1. A deed of assignment made by a lunatic before lunacy found, the assignee having no knowledge or notice of the insanity and dealing with the lunatic in good faith, paying for the assignment a good and valuable consideration, is not void, but only voidable, and cannot be avoided without paying or tendering to the assignee the consideration money paid.

2. Until avoidance, the deed of the lunatic made under such circumstances remains good in law, but a judgment at law founded thereon is not conclusive against any equitable right that may still inhere in the lunatic or his guardian to avoid the deed.

3. Courts of law have a summary jurisdiction of an equitable nature, exercised through stay of execution and the like, for the purpose of preventing their judgments and process from being made the means of working injustice.

On special verdict.

For the plaintiff, *George H. Peirce* and *Coull, Howell & Ten Eyck.*

For the defendants, *Alonzo Church.*

The opinion of the court was delivered by

PITNEY, J. This is a motion to enter judgment for the plaintiff upon a special verdict in ejectment. Plaintiff claims the right of possession as assignee of a leasehold interest in the premises. The verdict sets forth that one John Barber, being owner of the entire leasehold interest in question, and being in actual possession of the whole of the premises as such lessee, assigned the leasehold interest to one Anna Miller, who in turn assigned it to the plaintiff. John Barber was at the time mentally incapable of understanding the nature and effect of the transaction in which he was engaged. The assignment, although taken in the name of Anna Miller, was taken by her for the plaintiff's benefit through one August Miller, who acted as the plaintiff's agent in the negotiations for and purchase of the lease. He did not know at the time, nor did he have such knowledge as would have led a reasonably prudent person to believe, that John Barber was mentally incapable. The price paid by August Miller as agent for the plaintiff to John Barber as the consideration for the assignment was $3,500, which was paid to Barber in cash. This was $1,500 less than the fair market value of the leasehold interest. Immediately after the assignment Barber disappeared, and his whereabouts from that time have been unknown. The family of Barber, who are defendants in this suit, continued to occupy a part of the premises and refused to recognize the assignment, having

ncither paid rent to the plaintiff nor recognized his title as owner of the lease. Shortly after the disappearance of John Barber a commission in lunacy was issued by the Court of Chancery, under which he was found to be a lunatic, and his daughter, Matilda Barber, was appointed his guardian prior to the beginning of this action. She was in actual possession of a part of the premises, with her mother and brothers and sisters, at the commencement of this suit. No formal tender of any amount was ever made by or on behalf of Barber or his guardian cither to Anna Miller or to the plaintiff or to anyone representing him, but Matilda Barber, as guardian, through her attorney, prior to the beginning of this action, requested a reconveyance of the leasehold interest, and offered to return the amount of the consideration paid to John Barber upon proper ascertainment of the amount remaining due after an accounting should be had of the rents received by the plaintiff up to that time for the residue of the premises. This offer was refused.

It is properly conceded by counsel for defendants that since John Barber's deed of assignment was made before his lunacy was found by commission, and since the plaintiff or his agent had no knowledge or notice of the insanity, and dealt with the lunatic in good faith, paying for the assignment a good and valuable consideration, the deed is not void, but only voidable, and that it can be avoided only on paying or tendering back to the plaintiff the consideration paid to him, less so much as he has received by way of rents and profits since the assignment. *Eaton* v. *Eaton,* 8 *Vroom* 108, 116; *Blakeley* v. *Blakeley,* 6 *Stew. Eq.* 502, 508; *Doughten* v. *Camden Building and Loan Association,* 14 *Id.* 556, 561; *Matthiesen & Weichers Refining Co.* v. *McMahon's Administrator,* 9 *Vroom* 536.

Until avoidance, the deed of the lunatic in such cases remains good in law. Payment or tender of the consideration money received by the lunatic, less any proper offsets, is a condition precedent to avoidance. The special verdict in the present case does not set forth a legal tender, and there is therefore no legal obstacle to the recovery by the plaintiff of

the premises in dispute. As the case stands, the plaintiff is entitled to judgment on the special verdict.

This judgment, of course, will only settle the legal title and right of possession as they stand at present. *Ejectment Act,* §§ 42, 43, 44; *Gen. Stat., p.* 1288. Whenever the deed of the lunatic shall be legally avoided, the premises may be recovered back from the plaintiff, for the judgment herein will not conclude the defeated party as to a title or right of possession subsequently accruing. *Hoboken Land and Improvement Co.* v. *Mayor, &c., of Hoboken,* 7 *Vroom* 540, 545; *Hunt* v. *O'Neill,* 15 *Id.* 564.

Nor does it necessarily follow, even from the present judgment, that the defendants must submit to be actually ousted from the premises. They, or at least one of them (the guardian in lunacy), asserts a right to avoid the deed of assignment, which right is legally incomplete because the tender has not been effectively made and followed up. The judgment herein will not be conclusive against such an equity. The guardian is still at liberty to assert it by making an effective tender of the amount paid by the plaintiff to John Barber, with interest, subject to a proper discount for the amount of rentals received by the plaintiff from the premises since the assignment.

Whether this relief shall be sought by the defendants through application to this court for a stay of execution or by bill in chancery to restrain the enforcement of the judgment in ejectment is for the defendants to determine. It is well settled that this court, like other courts of law, has a summary jurisdiction of an equitable nature, exercised through a stay of execution and the like, for the purpose of preventing its own judgments and process from being made the means of working injustice. Numerous instances of the exercise of this jurisdiction are cited in *Johnston* v. *Bowers,* 40 *Vroom* 544, 547. See, also, *Wemple* v. *Von Arx,* 17 *Id.* 531; *Hickman* v. *State,* 33 *Id.* 499, 504; *Weatherby* v. *Weatherby's Executors,* 34 *Id.* 445, 448; *Intiso* v. *Metropolitan, &c., Association,* 39 *Id.* 588, 590; *Bailey* v. *Pennsylvania Railroad Co.,* 41 *Id.* 308, 311.

Let judgment be entered for the plaintiff upon the special verdict, with a stay of execution for thirty days, within which time the defendants may apply either to the Court of Chancery for an injunction or to this court for a further stay, on bringing into court a proper sum to cover what will be found due to the plaintiff for the consideration paid to John Barber, with interest, after proper allowance on account of rents and profits received by the plaintiff from the property.