[No. 2402]

## WILLIAM AUSTIN KEYWORTH, APPELLANT, *v.* NEVADA PACKARD MINES COMPANY (A CORPORATION), RESPONDENT.

[186 Pac. 1110]

1. INFANTS—PURPOSE OF STATUTE AS TO CONVEYANCES OF MINING CLAIMS BY MINORS.

The real purpose of Rev. Laws, 1103, 1104, relative to conveyances of mining locations and claims by minors, was to subject minors under the age of 21 and over 18 who convey interests in mining claims to the same consequences as attach to persons over 21 who convey such property.

2. ESTOPPEL—PRINCIPAL MUST SUFFER FROM WRONGFUL CONDUCT OF AGENT HELD OUT AS OPTIONEE.

Where the owner of a mining claim put another in position to hold himself out as holder of an option to sell, and purchasers dealt with such other on the assumption, the owner cannot urge the agency of such other and his misconduct as ground for setting aside his deed to the purchasers, since one who makes it possible for a person to perpetrate a wrong on another must suffer the consequences.

3. PARTNERSHIP—AGREEMENT OF PURCHASERS OF MINING CLAIM OPTION TO PAY OPTIONEE PART OF CONSIDERATION IN PROMOTION STOCK NOT CREATING PARTNERSHIP.

Where the optionee of mining claims sold his interest in the option in consideration that purchasers should make the initial payment on the option and organize a company to take title to the claims and divide with him the promotion stock, no partnership was thereby created between the parties, any more than if the whole consideration had been paid in cash; so that such purchasers could not be charged as partners, with optionee's knowledge of facts.

4. CORPORATIONS—KNOWLEDGE OF DIRECTOR'S FRAUD WHILE ACTING FOR HIMSELF NOT CHARGEABLE TO COMPANY.

Where the holder of an option on mining claims became director and officer of a company formed to operate such claims after exercise of the option, the company was not charged with knowledge of the officer's fraud on the owner of the claims; he having acted wholly for himself.

APPEAL from Sixth Judicial District Court, Humboldt County; *James A. Callahan,* Judge.

Action by William Austin Keyworth against the Nevada Packard Mines Company. From judgment for defendant, plaintiff appeals. **Affirmed. Petition for rehearing denied.**

*Hoyt, Norcross, Thatcher, Woodburn & Henley,* for Appellant:

The judgment of the lower court should have been for appellant. Upon the evidence and admitted facts, no other judgment is warranted than that prayed for by the plaintiff, and such a judgment should be ordered by this appellate court. Every material issuable fact was found in favor of plaintiff. A correct application of the law to the facts will require the direction of a judgment to be entered in favor of the plaintiff, according to the prayer of the complaint.

It was fraud upon the plaintiff, requiring the setting aside of the deed, for Ray to negotiate the sale without first informing plaintiff of the discovery made by or known to Ray. Norris v. Taylor, 49 Ill. 17; Holmes v. Cathcart, 60 L. R. A. 734; Lichtenstein v. Case, 99 App. Div. (N. Y.) 570; Daniel v. Brown, 33 Fed. 849; Gruber v. Baker, 20 Nev. 453, 23 Pac. 858, 9 L. R. A. 302; Hanelt v. Sweeney, 109 Fed. 712; Hall v. Gambrill, 88 Fed. 709, 92 Fed. 32, 37; Hobart v. Sherburne, 66 Minn. 171; Jansen v. Williams, 36 Neb. 869; Crompton v. Beedle, 75 Atl. 333; Gross on R. E. Brokers, sec. 144; Rev. Laws, 1103, 1104; 4 R. C. L. 269.

The purchase of property for a sum very greatly less than its actual value is a badge of fraud, and in this case is alone sufficient to set aside the deed. It is especially true where one of the parties is an infant. Maloy v. Berkin, 27 Pac. 442; Chamberlain v. Stern, 11 Nev. 272.

Ray was in position of a real estate broker selling on commission. As such he was charged with the utmost good faith, and was bound to notify his principals of anything which might affect the value of the property or acquaint them of the fact if he himself should become the purchaser. 4 R. C. L., p. 269, secs. 19–26, 41, 62, 64; Gross on R. E. Brokers, secs. 144, 256, 260; Holmes v. Cathcart, supra; Hall v. Gambrill, supra; Ruckman v. Bergholz, 37 N. J. Law, 440; Neighbor v. Pac. R. Assn., 124 Pac. 523.

All who formed the partnership for the acquiring of the mining claims are chargeable with knowledge and the acts or fraud of any one in respect thereto. Krumm v. Beach, 96 N. Y. 398; 30 Cyc. 526, 527; 16 Cyc. 588; 10 R. C. L. 627.

The defendant corporation took title to the property in controversy with full notice of the fraud perpetrated upon the plaintiff. McCaskill Co. v. United States, 216 U. S. 504; Linn T. Co. v. United States, 236 U. S. 574; Hoffman C. Co. v. Cumberland Co., 16 Md. 456; 10 Cyc. 1059; Southern R. I. Co. v. Walker, 211 U. S. 603; Wilson Coal Co. v. United States, 188 Fed. 545.

Appellant, under the facts of the case, is entitled to all the rules of law respecting transactions with infants. Rev. Laws, 1017, 1103, 1104; 22 Cyc. 512, 530, 539, 540; Lee v. Bank, 171 Pac. 677.

*Cheney, Downer, Price & Hawkins,* for Respondent:

This case being one in equity, tried fully and fairly, and in which the court has resolved every question material to plaintiff's right to recover against the plaintiff, the judgment should be affirmed.

The granting of the relief sought by plaintiff would be inequitable. Gamble v. Silver Peak, 34 Nev. 429.

"There is no principle of law that obligates one who has made an honest contract with another to communicate to that other anything subsequently happening that might be of inducement to that other to repudiate his contract." Fulton v. Walters, 216 Pa. St. 56; Gross on R. E. Brokers, sec. 145.

At the time of the execution of the deed plaintiff was over the age of 18 years. Therefore he was of lawful age under the statute and executed the deed conveying the mining claims or his interest therein. Rev. Laws, 1103, 1104.

"Canceling an executed conveyance is the exertion of a most extraordinary power in courts of equity, and when asked for on any ground it will not be granted unless the ground for its exercise most clearly appears."

Bispham's Equity, sec. 475; Culton v. Asher, 149 S. W. 946; Virginia I. C. & C. Co. v. Crigger, 201 S. W. 298.

"If he assented to the formation of the corporation and the transfer of the mine to it, he clearly waived his right to reclaim an interest in the mine itself." Johnston v. Standard M. Co., 148 U. S. 360; Cline v. James,. 101 Fed. 737, 109 Fed. 961.

The contention of a partnership is without foundation in fact or law.  Under the agreement the parties were to· do whatever was therein provided as individuals. Hawley v. Tesch, 59 N. W. 670; Stringer v. Stevenson, 240 Fed. 892; Bienenstok v. Ammidown, 49 N. E. 321; National Bank v. Thomas, 47 N. Y. 15; Benedick y. Arnow, 49 N. E. 326; 1 Lindley, Partnership, 158, 30 Cyc. 523, 524; Neill v. Shamburg, 27 Atl. 992.

Plaintiff's claim of agency is based upon presumptions and not facts.  Moore on Facts, vol. 1, sec. 545, p. 516.

There was no obligation to disclose to plaintiff the alleged discovery; and if such discovery was made and not disclosed, it does not give plaintiff any grounds to recover.  Black on Rescission and Cancelation, secs. 66, 467.  The arrangement did not create an agency requiring disclosure.  Steel v. Lawyer, 91 Pac. 958; Fulton v. Walters, 64 Atl. 861; Texas B. Co. v. Barclay & Co., 109 S. W. ·101; Black on Rescission, 1129–1130; Neill v. Shamburg, 27 Atl. 992.

Concealment of evidence of speculative value, even by a coowner occupying confidential relations, is held to be·no fraud.  Richardson v. Henney, 157 Pac. 980.

Under the law, upon his own theory, plaintiff ratified the sale and conveyance by failing to promptly disaffirm it upon becoming of age.  22 Cyc. 544; Henry v. Root, 33 N. Y. 526; Boyden v. Boyden, 9 Met. 519; Lynd v. Budd, 2 Page Ch. 191; Buchanan v. Hubbard, 21 N. E. 538; Shappiro v. Goldberg, 192 U. S. 232.

Plaintiff's action is barred by the statute of limitations.  Rev. Laws, 4951, 4956, 4967, 4970; Gibson's· Chancery, secs. 113, 114, 115.  It is barred also under

the doctrine of laches. Gamble v. Silver Peak, 34 Nev. 427; Johnston v. Standard M. Co., 148 U. S. 360; Riker v. Alsop, 155 U. S. 448; Patterson v. Hewitt, 195 U. S. 309; Curtis v. Lakin, 94 Fed. 251; Graft v. Portland T. & M. Co., 54 Pac. 854. When essential facts might be learned by due diligence, ignorance thereof will afford no excuse. Notes 19 Am. & Eng. Cases, 110, 113; Lang Syne M. Co. v. Ross, 20 Nev. 126; 25 Cyc. 1186.

By the Court, COLEMAN, C. J.:

This action was brought to recover an undivided one-fourth interest in the Packard No. 1, Packard No. 2, and Packard Fraction mining claims, situated in Rochester mining district, Humboldt County, Nevada. The plaintiff, on March 29, 1913 (being then past 18 years of age), together with H. R. Lund, Dick Keyworth, and Donald C. Wheeler, gave R. L. Ray an option on the said mining claims for the sum of $5,000, with the understanding that, in case said option were taken up, a corporation should be formed to take title to said property, and that 2 per cent of the capital stock of such company should be issued and delivered to the plaintiff and his coowners. Five hundred dollars of said cash consideration was to be paid on or before April 10, 1913, and the balance within one year thereafter. It was further agreed that upon the making of the payment of $500 Ray or his assigns should have possession of the property, with the privilege of working the same, and should pay to said owners a royalty of 10 per cent on the net proceeds; the royalty payments to be credited upon the deferred payment of $4,500.

Simultaneously with the execution of said option, another and separate agreement was made, whereby it was understood that in case Ray should make a sale he should receive a commission of 20 per cent. At the same time said owners executed a deed to Ray for said property, which was to be put in escrow upon the making of the initial payment of $500; said deed to be delivered

to him when the terms of the option agreement were complied with by Ray or his assigns. The execution of said deed and option was procured by Ray with the view of interesting one Gottstein in the property; but, the latter failing to take over the property, Ray sought a written extension of time in which to dispose of it. This the owners refused to grant, but Ray was informed that, if he found a purchaser for the property before the owners did, the terms of such option would be complied with.

Ray succeeded in interesting one Frank Margrave in the property, who on April 19, 1913, paid the owners the sum of $500, in accordance with the agreement of March 29, 1913, and the said deed was at that time placed in escrow with the Mercantile Banking Company of Lovelock, Nevada, to be delivered when the terms of the escrow agreement were complied with.

Ray received from plaintiff and his coowners $100 of the $500 so paid them. Immediately after the said payment had been made and said deed placed in escrow, Ray, Margrave, and Mark Walser, who was associated with Margrave in the transaction, entered into possession of the property and proceeded to prospect the same and to extract and ship ore therefrom. In July, 1913, Ray, Margrave, and Walser organized the defendant corporation and became directors and officers thereof.

By deed of July 11, 1913, Ray transferred the said mining claims to Walser and Margrave, who by deed of the same date conveyed the property to the defendant company, both of which deeds were recorded on said date of execution. On April 19, 1914, the deed of March 29, 1913, held in escrow as above mentioned, was delivered, in accordance with the escrow agreement, upon the payment of the balance due, less $810 which the defendant claimed the right to withhold, being the balance claimed by Ray as commission, the defendant contending that as between it and Ray it was entitled to the same, and plaintiff and his coowners waiving all claim thereto.

It is alleged by plaintiff that Ray, between April 10 and 19, 1913, made a discovery of ore upon said mining claims which "would have the effect of greatly increasing their sale value," and intentionally declined to communicate to said owners the knowledge thereof, for the purpose of inducing them to carry out the terms of the agreement of March 29, 1913, and that on April 18 Ray took said Margrave upon the said mining claims and disclosed to him his (Ray's) knowledge of such discovery, and, for the purpose of preventing said owners from learning of such discovery, exacted of Margrave a promise to keep it secret in case he did not become interested in the property. Walser is also charged with knowledge of such facts at the time of the making of said first payment, as is defendant company as of the time of its organization.

Knowledge on the part of Ray, Margrave, and Walser of plaintiff's minority is alleged as of April 19, 1913, when said $500 payment was made, and that the defendant was aware thereof at the time of its organization.

It is also alleged that at the time of the making of said first payment said claims were of great value, and that plaintiff did not acquire knowledge of said discoveries of said Ray until on or about April 18, 1917.

A judgment having been entered in favor of the defendant, and a motion for a new trial having been denied, the plaintiff has appealed.

Sections 1 and 2 of "An act concerning conveyances of mining locations and claims by minors," approved February 29, 1869 (Rev. Laws, 1103, 1104), reads:

"SECTION 1. In all cases in this state, since the first day of July, A. D. eighteen hundred and sixty-seven, where minors over the age of eighteen years have sold interests acquired by them in mining claims or locations by virtue of their having located such claims, or having been located therein by others, and have executed deeds purporting to convey such interests, such deeds, if otherwise sufficient in law, shall be held valid and sufficient to convey such interest fully and completely, notwithstanding the minority of the grantor, and without any

power or right of subsequent revocation; provided, that this section shall not apply to cases where any fraud was practiced upon such minor, or any undue or improper advantage taken by his purchaser or any other person to induce such minor to execute such deed; and, provided further, that this section shall not apply to or affect any suits which may now be pending in any courts of this state, in which the legality or validity of such deeds may be involved.

"SEC. 2.    All minors in this state, over the age of eighteen years, are hereby authorized and empowered to sell and convey by deed such interests as they may have acquired, or may hereafter acquire, in mining claims or mining locations within this state, by virtue of locating the same, or being located therein, and such deed shall, if otherwise sufficient in law, be held valid and sufficient to convey such interest fully and completely, and without the right of subsequent revocation, notwithstanding the minority of the grantor, subject however, to the same provisions and limitations contained in the first section of this act."

1. In view of the fact that plaintiff was of the age of 18 years at the time of the making of the sale on April 19, 1913, it becomes necessary that we inquire as to the real purpose of the foregoing act.

In approaching a consideration of this question, we must first determine the purpose of the statute which we have quoted.  We may speculate as much as we please as to circumstances which led to the adopting of the statute mentioned.  It may be that experience had taught that youths, during their minority, frequently became the locators of mining property, and that it was difficult in many instances for a prospective purchaser to accurately determine the age of one from 18 to 21, and that it might have happened that in some instances young men under the age of 21 had represented themselves as over that age to facilitate the transfer of their interest in mining claims, and thereafter repudiated the transaction as the act of an infant, and either caused a great deal of trouble or an outlay of considerable amount.

Be this as it may, the legislature sought to safeguard purchasers of mining property who took deeds from all persons over the age of 18, and enacted the law giving the same force to the deed of a person under 21, but over 18 years of age, conveying an interest in a mining claim, as that given to the deed of a person over 21, provided that no fraud was practiced upon the minor or undue advantage taken of him. In view of the fact that prior to the enactment of the statute it was the law of the state that any conveyance, even of an adult, might be set aside where fraud or undue influence had been practiced to procure it, the proviso contained in the act quoted was not for the purpose of declaring a new rule, but was put in as a precautionary measure to make sure that the rule then in existence would be made applicable to any transactions had under the statute in question. The real purpose of the act, then, was to subject minors under the age of 21 years, and over 18, who conveyed an interest in a mining claim, to the same consequences as attached to persons over 21 who conveyed mining property.

It is insisted that the failure of Ray to disclose to the plaintiff the discovery made by Ray between April 10 and 19, 1913, of rich float upon the ground in question constituted a fraud upon plaintiff for which he should be adjudged the owner of the interest in question. In support of the contention, we are directed to numerous authorities which declare it to be the law that an agent or broker engaged in negotiating the sale of property must act with the utmost good faith, and that he is under a legal obligation to disclose to his principal facts within or which may come to his knowledge which might influence the principal in the transaction. As to this general rule of law there can be no dispute; but, conceding for the purpose of this case (without so deciding) that the facts disclosed bring it within the general rule stated, we are of the opinion that the judgment should be affirmed.

Plaintiff and his coowners had executed an option and

deed, both of which were to be placed in escrow upon the payment by Ray or his assigns of the sum of $500. Margrave and Walser, learning the facts, and having inspected the property, got the owners and Ray together and went to the bank, where the $500 was paid and the instruments placed in escrow as agreed. This was all done while Margrave and Walser, so far as appears, were laboring under the impression that Ray was simply an optionee, and not an agent of the plaintiff and his coowners to sell the property. There is no evidence in the record to the contrary; but plaintiff testified that in August succeeding the date of the transaction Walser informed him that knowledge had just been acquired to the effect that Ray was getting a commission from the selling, and requested that the owners waive the payment to the bank on account of the escrow agreement of the sum of $810, an amount equal to the balance claimed by Ray as commission, which was afterwards done. This being the fact, it appears conclusively that Margrave and Walser had been acting all of the time upon the assumption that Ray was not agent of the plaintiff and his coowners, but was merely an optionee of the property, and that they took the property just as though such was the fact.

2. In view of this undisputed state of facts, whatever the law may be upon the question of agency, the plaintiff cannot recover, for the reason that, having put Ray in the position to hold himself out as the holder of an option, and parties having dealt with him upon that assumption, he cannot urge now the agency of Ray and his misconduct as a ground for setting aside the deed, for the reason that, where one of two persons must suffer for the wrong of another, he who makes it possible for such person to perpetrate a wrong must be the sufferer. Paraphrasing the language of the court in Scott v. Gallagher, 14 Serg. & R. (Pa.) 333, 16 Am. Dec. 508, the interpolated words being italicized:

"Courts of justice view secret agreements with a jealous and scrutinizing eye. * * * There would be

no hardship in the case on *Keyworth,* because it was his own folly to place himself and others in the power of *Ray.* If any person suffers it should be *Keyworth,* and not *defendant,* for this plain and obvious reason, that he has been the cause *which made the perpetration of the fraud possible.* Equity says, if one of two innocent persons must suffer, he who has been the cause shall bear the loss."

See, also, Magee v. Manhattan L. I. Co., 92 U. S. 98, 23 L. Ed. 699; Reed v. Munn, 148 Fed. 761, 80 C. C. A. 215; American Bonding Co. v. Pueblo Inv. Co., 150 Fed. 23, 80 C. C. A. 97, 9 L. R. A. (N.S.) 557, 10 Ann. Cas. 357; Hendry v. Cartwright, 14 N. M. 72, 89 Pac. 309, 8 L. R. A.(N.S.) 1056; Gass v. Hampton, 16 Nev. 185.

In this connection it might not be out of place to say that, while plaintiff was under 21 years of age, the entire negotiations in the transaction were left to him by his partners, one of whom, at least, is a man of large affairs.

3. It is contended that, in view of the fact that prior to the time the initial payment of $500 was made by Margrave and Walser an agreement was entered into by and between them and Ray, to the effect that they should make said initial payment and at their own expense should organize a company to take title to said property and divide between themselves and Ray the promotion stock thereof, a partnership was created among them, and that such partnership was charged with knowledge of all of the facts known to Ray. We do not consider this transaction a partnership. The agreement did not create a partnership, any more than it would have done had it called for the payment of a cash consideration for the option. Money might have been the consideration to have been paid for his option, and if such had been the fact, it could not be contended that a partnership was created; and it is equally clear to our minds that the agreement to issue to Ray a certain amount of stock for his interest, in lieu of cash, and the making of him a director of the company, did not create a partnership.

4. But, conceding the correctness of the plaintiff's contention that such a partnership did exist (without expressing any opinion as to the legal effect thereof), he is in no position to complain, because, as we have said, by giving Ray the option he was enabled, as a matter of fact, to mislead Margrave and Walser as to his true status in the transaction, and through them the defendant company which took over the property, which acquired its title before knowledge of the alleged fraud had been gained. The mere fact that Ray became a director and officer of the company was not enough to charge it with knowledge of the fraud of Ray; for during all of the negotiations he was acting for himself, and not for Margrave, Walser, or defendant corporation. The rule applying to such a situation is declared in Edwards v. Carson Water Co., 21 Nev. 469, 483, 34 Pac. 381, 385, as follows:

"Instead of acting for the corporation, they [the officers of the company] executed a note purporting to be a valid obligation to the company, when in fact it was to secure the individual indebtedness of its president for money which the corporation had intrusted to him to pay its debts, and which he testifies he was permitted to retain to his own use, with the knowledge and consent of the debtor, Wright. Under such circumstances, at the time of the giving of the note of 1886, Helm was acting for himself, and he was not, with respect to the transaction, an agent at all; and the corporation is not, as to that matter, bound by his acts, nor it is chargeable with his knowledge."

The Court of Appeals of Kansas, in First National Bank v. Skinner, 10 Kan. App. 517, 62 Pac. 705, quotes approvingly from Thompson on Corporations, as follows:

"The knowledge acquired by the officers or agents of the corporation, while not acting for the corporation, but while acting for themselves, is not imputable to the corporation."

See, also, 7 R. C. L. p. 657, and extended note to Bank cf Pittsburg v. Whitehead, 36 Am. Dec. 191.

In Franklin Mining Co. v. O'Brien, 22 Colo. 129, 43 Pac. 1016, 55 Am. St. Rep. 118, the court says:

"The general rule undoubtedly is that a corporation is not affected with notice or knowledge of facts merely because some of its promoters who organized the corporation had knowledge of such facts, or merely because some of its stockholders had notice; and a corporation is not charged with notice of facts known or acquired by its officer or agent in a transaction in which he acts for himself, and not for the corporation. To this effect we are referred to the case of Davis Wagon Wheel Co. v. Davis Iron Wagon Co. (C. C.) 20 Fed. 699."

See, also, Zang v. Adams, 23 Colo. 410, 48 Pac. 509, 58 Am. St. Rep. 249.

While laches, estoppel, and the statute of limitations were pleaded by the defendant, they will not be considered, because, entertaining the views which we do, the judgment must necessarily be affirmed.

It is so ordered.

DUCKER, J., did not participate, having presided at the trial in the lower court.

### ON PETITION FOR REHEARING

*Per Curiam:*

Rehearing denied.