THOMAS L. BERTRAND v. FRANCIS BINGHAM'S ADM'X.

Where an indorsee of a promissory note sued the maker, and the latter pleaded in set-off a claim against the payee, alleging that the indorsement was colorable merely, and intended to defeat the defendant's set-off, and there was judgment for the plaintiff; after which the defendant sued the payee, on the claim which had been pleaded in set-off in the former suit, and offered to prove by parol testimony that the claim was not introduced in evidence in the former suit, but was withdrawn and not submitted to the jury, which the Court refused to permit, and instructed the jury that the former judgment was a bar to the recovery in this action, it was held that the Court erred.

A former judgment is conclusive between the parties and privies only.

Appeal from Brazoria. Action by the appellant, on a promise in writing by the appellee, to pay money to Edwin Waller or order, assigned to Thomas L. Bertrand and Gustavus A. Bertrand, assigned to Thomas L. Bertrand. This action was commenced on the 26th of February, 1851. On the 21st of February, 1848, one Jonathan D. Waters had sued the said T. L. and G. A. Bertrand on a promissory note, as assignee of the present defendant, who was the payee in the note. The Bertrands being then the holders of the claim now sued on, pleaded it in set-off, alleging that the assignment of the note to Waters was colorable only, or that at all events he had notice of their set-off when he obtained the note. There was a trial by jury in that case, and a verdict and judgment in favor of Waters for the full amount of the note. This judgment was pleaded by the defendant, as a bar to this action. The plea was not excepted to, but at the trial the plaintiff offered to prove by parol evidence, that the claim now sued on, although pleaded in the said former action, was not introduced in evidence, but was withdrawn and not submitted to to the jury, which the Court refused to permit, and instructed the jury that if they were " satisfied from the testimony, that " the claim sued on is the one pleaded as a credit in the case " of Jonathan D. Waters v. T. L. & G. A. Bertrand, and that

Bertrand v. Bingham.

" said T. L. Bertrand, one of the defendants in that suit is the
" plaintiff in this, then the plaintiff is barred by said plea and
" suit from recovering on the same in this suit." Verdict and
judgment for the defendant.

*D. D. Atchison*, for appellant. We contend that to bar a
cause of action by former judgment, the former suit must have
been between the same parties or their privies, and on the
same points. (1 Stark. Ev. 217; Cheatum v. Chambers, 6
Rand. 86; Moore v. Cason, 1 How. Miss. 53; Eastman v.
Cooper, 15 Pick. 276; Many v. Harris, 2 J. R. 24; 1 Mar-
tin, 316; Neafir v. Neafir, 7 Johns. C. R. 1.) The Court
erred in not allowing the appellant in the Court below to
show by parol testimony that the obligation now sued on was
withdrawn by leave of the Court and the counsel for Waters
in the case referred to. (Jackson v. Swartwout, 8 Johns. R.
383; Philips v. Berrick, 16 Johns. R. 136; Wood v. Jack-
son, 8 Wend. 9.)

*J. W. Harris*, also, for appellant.

*J. H. Bell*, for appellee.

WHEELER, J. There is and can be no controversy as to the
rule of law invoked by the defendant; that is, that a matter
once litigated and determined by competent authority cannot
a second time be brought in controversy between the same
parties. In the concise and perspicuous language of Lord
Chief Justice De Grey in the Duchess of Kingston's case, so
universally quoted with approbation, " the judgment of a
" Court of concurrent jurisdiction, directly upon the point, is,
" as a plea, a bar; or as evidence, conclusive, between the
" same parties, upon the same matter, directly in question in
" another Court." But to give a judgment such effect, it is
an essential element in the rule that there be an identity of
parties. For it is a principle universally acknowledged, that

no one can, in general, be bound by a judgment, unless he be a party to the suit, or be in privity with the party. (1 Stark. Ev. 217 n.) "It is (says Starkie) a general rule, that a ver- "dict shall not be used as evidence against a man where the "opposite verdict would not have been evidence for him ; in "other words, the benefit to be derived from the verdict must "be mutual. This (he adds) seems to be no more than a "branch of the former rule, that to make the judgment con- "clusive evidence, the parties must be the same ; for then the "benefit and prejudice would be mutual and reciprocal." (Id. 220.) "Both the litigants must be alike concluded, or "the proceedings cannot be set up as conclusive upon either." (1 Greenl. Ev. Sec. 524.)

Are the parties to the present suit the same as the parties to the judgment relied on by the defendant as a bar to the action ? Is the present defendant concluded by the proceedings in the former suit ? Clearly not. He was not a party to that suit. He was not made a party in any of the forms known to the law. The answer of the defendants in that suit did not make him a party to the suit. Not being a party to the record, he is not concluded by the judgment ; and as it is essential that in order to be binding its operation be mutual, neither can the plaintiff in this action be concluded by that judgment.

It is insisted that the plaintiff is estopped by the averments in his answer in the former suit, from denying that the defendant was a party to that suit. It might be replied that the judgment on which he relies as imparting absolute verity, is an adjudication of the contrary. That averment was as certainly controverted and put in issue in the former suit, as any other averment in the answer ; and was as certainly nega- tived and adjudged to be untrue by the judgment of the Court in that case. The plaintiff must have an equal right with the defendant, to insist upon the verity and conclusiveness of that adjudication.

It is evident the defendant was not a party to the former

judgment; and it cannot avail him, either as a plea in bar, or as evidence in this suit. The instructions and judgment of the Court, maintaining the contrary, are therefore erroneous.

It is true, the plaintiff sought to recover his demand of the plaintiff in the former suit; and that he failed to establish the liability of the latter. But because the plaintiff in that suit, who was not a party to the contract and is not a party to this suit, was not liable upon the contract here sued on, it is neither a legal nor logical deduction that the present defendant is not. The plaintiff may have misconceived his remedy, and prosecuted his demand against the wrong party; but surely he is not thereby precluded from suing the right one.

The judgment is reversed and the cause remanded.

Reversed and remanded.