VALLIANT, J.
This suit was commenced by Jeremiah Collins and Martha his wife as plaintiffs; Martha died and afterwards Jeremiah died; Jamison was appointed administrator of Jeremiah’s estate, and the suit was revived in his name as sole plaintiff. The administrator filed an amended petition in three counts which, omitting descriptions of land, is as follows:
“Plaintiff states that on the 15th day of September, 1883, Jeremiah Collins and Martha Collins, deceased, were the owners and in possession of the following described real estate, to wit: [Description.] Plaintiff states that on or about the -day of-, 1888, Jeremiah Collins and Martha Collins, deceased, borrowed the sum of two hundred dollars from Louis Holmes, and the same was secured by deed of trust filed of record in the recorder’s office of Jackson county, Mo., in book “B” 326, at page 288, and they at divers other times borrowed from said Holmes to the amount of one hundred and twenty-five dollars, and that said Jeremiah Collins and Martha Collins, deceased, sold to the defendants herein, Edmund Culligan and Margaret Culligan, his wife, for the sum of six hundred and fifty dollars, a part of the land hereinbefore described, as follows [Description], in order to pay said Holmes. After paying said Holmes, there remained due plaintiff the sum of two hundred dollars, wherefore plaintiff prays judgment- for the sum of two hundred dollars and *417 interest thereon, from January 19th, 1891, at 6 per cent per annum against said defendants.
“Plaintiff further says Jeremiah Collins was over one hundred years of age, and his wife, Martha, about eighty years of age. That on or about the 6th day of June, 1892, the defendants, Edmund Culligan and Margaret Culligan, his wife, and C. H. Nearing, trustee, filed for record in the recorder’s office of Jackson county, Mo., a deed of trust in book “B” 482, at page 208, purporting to secure a note of one hundred and fifty dollars, on the following described real estate, to wit [Description.] Plaintiff says that the deed of trust is wholly without consideration and the same was not the act and deed of the said Jeremiah Collins deceased. Plaintiff says that the signature of Martha Collins to the deed of trust was obtained through threats and fear that said defendants would do her great bodily harm, and further says that the pretended signature of Jeremiah Collins, deceased, is not his and was never authorized by him, that he never signed any deed of trust purporting to bear his signature or any note secured by said pretended deed of trust, and that said deed of trust purporting to secure them was and is fraudulent and void, and casts a cloud upon plaintiff’s title, and plaintiff says that at the date of the alleged deed of trust the said Jeremiah Collins, deceased, was of unsound mind and incapable of contracting. Wherefore plaintiff prays that said pretended deed of trust be declared null and void and held for nought, and the note be ordered to be delivered up and canceled.
“Plaintiff further states in reference to the deed of trust dated the 21st day of November, 1892, executed to O. H. Nearing, for Edmund Culligan and Margaret Oulligan, his ■wife on the following real estate to wit [Description], recorded in the office of the recorder of Jackson county, Mo., in book “B” 482, at page 526, which deed of trust purporting to secure a note due defendants for the sum of three hundred dollars, but which sum in fact is not due Edmund Culligan *418 and Margaret Culligan, that said Jeremiah Collins and Martha Collins never borrowed any money from defendants and never owed them any, and the signature to said pretended note of three hundred dollars, and said pretended deed of trust, was not their signature and was never authorized by them, and plaintiff further says that they never signed, acknowledged, or delivered said pretended deed of trust dated November^ 1st, 1892, and at all times said Jeremiah Collins, deceased, was wholly incapable of transacting any business on account of old age and other mental disabilities and said signatures to the pretended deeds of trust were and are fraudulent and void; and the same are not their signature and were never authorized by them.
„ “Plaintiffs say that O. H. Nearing is made a party to this suit simply because he is acting as trustee, for said defendants.
“Wherefore plaintiffs pray that the said pretended deeds of trust may be set aside and held for nought and that notes be ordered to be delivered up and canceled and for other and further relief as this court may deem meet and proper upon the hearing of this cause.”
The answer admitted the purchase of the land mentioned in the first count, the execution of the deeds and notes mentioned in the second and third counts, and denied the other allegations.
At the trial the plaintiff introduced evidence tending to show that at the date of the two deeds of trust Jeremiah Collins was of unsound mind; and with that the plaintiff rested.
Defendant introduced testimony tending to show that they had furnished the Collinses groceries for several years, paid their taxes, etc., and that the deeds of trust were executed to secure the debts thus created. There was also some testimony on their side to show that Jeremiah Collins was not of unsound mind.
During the trial it developed that Margaret Culligan was not a party to the deed of trust mentioned in the second count, *419 and had no interest in it. The court of its own motion ruled that it could not entertain a petition against two defendants, uniting a count in which only one of them was interested with a count in which both were interested. That ruling was correct. Plaintiff excepted to the ruling, but to conform to it dismissed the suit as to the first count, and as to Mrs. Culligan, thinking thereby to get rid of her, and the cause proceeded on the other two counts against Culligan alone. But they overlooked the fact that Mrs. Culligan was one of the beneficiaries in the deed of trust named in the third count and therefore a necessary party to a suit seeking to annul that deed.
The tri^l resulted in a finding and judgment for defendant; after motion for new trial, etc., the cause is here on plaintiff’s appeal.
If there is a cause of action stated in either the second or third count it is based on the fact that Jeremiah did not sign either of the deeds or notes or authorize it to be done, and that Martha’s signature to the deed named in the second count was obtained by duress. There was no evidence at all to support either of these'statements. There was a question asked one of the witnesses intended to elicit a recital of what Martha had told him about how she came to sign the deed of June, 1892, but on objection that was excluded and properly so. The petition states that Martha was one of the owners of the land, and if the pleader meant to indicate that she had an estate in the land that survived her, that interest should be here represented, and this suit should have been revived in the name of one on whom that estate devolved at her death. But she had no estate in the land that survived her. The deed which plaintiff offered in evidence in rebuttal showed that the title in fee was in Jeremiah alone. Martha died before her husband and therefore it was immaterial whether or not she signed the deed.
But it is manifest from the way the case was tried, that the plaintiff understood his petition to state a cause of action *420 'based on the insanity of Jeremiah at the date of the deeds; that when plaintiff said in his petition that the deeds were void he meant that they were in legal effect no deeds at all because. executed by a man insane.
But a deed is not void merely because it was executed by an insane man not under legal guardianship. It is voidable under conditions that will satisfy the demands of equity; but those conditions must appear on the face of the petition, and they must be sustained by the proof. It must appear upon the face of the petition either that the defendant knew that the man with whom he was dealing was insane and took advantage of him, or else, if he dealt with the insane man without knowledge of his misfortune and dealt fairly the petition must show both an ability and a willingness on the part of the plaintiff to put the defendant in statu quo. [Blount v. Spratt, 113 Mo. 48 ; Wells v. Covenant Mutual Benefit Association, 126 Mo. 630 ; Rhoades v. Fuller, 139 Mo. 179 ; McKenzie v. Donnell, 151 Mo. 431.]
The petition in this case states no cause of action for setting aside either of the deeds of trust on the ground of the insanity of the maker, and there .being no evidence to sustain the cause of' action, if any, that is stated in the petition, the judgment of the circuit court was right and it is affirmed.
All concur.