ANN JOHNSON v. GULF, COLORADO & SANTA FE RAILWAY
COMPANY.

Decided June 29, 1904.

**1.—Charge—Fraud—Mental Incapacity.**

Where the pleading and evidence presented the issue of both fraud and advantage taken of mental incapacity in procuring a release of damages, a charge making its invalidity depend solely on plaintiff's mental incapacity was erroneous.

**2.—Same—Charge—Weight of Evidence.**

A charge that mental incapacity to contract could not be inferred from enfeebled condition of mind and body, was both erroneous in law and upon the weight of evidence.

**3.—Mental Incapacity—Contract—Knowledge.**

Mental incapacity of a party will avoid a contract though it was not known to the party dealing with him.

**4.—Passenger—Injury—Negligence.**

The rulings in Mexican C. Ry. Co. v. Lauricella, 87 Texas, 279, referred to for rule as to burden of proof of negligence in case of injury to a passenger.

Appeal from the District Court of Bell. Tried below before Hon. John M. Furman.

*Pendleton & Ferguson,* for appellant.—The proposition submitted under appellant's eighth assignment of error was as follows:

"A person rightfully·on a passenger train, being injured while thereon, has a cause of action upon proof of such facts, and without alleging or proving additional grounds of negligence."

*J. W. Terry* and *A. H. Culwell,* for appellee.

KEY, ASSOCIATE JUSTICE.—This is a personal injury suit, resulting in a verdict and judgment for the defendant, and the plaintiff has appealed. The defendant pleaded a settlement and release, to which the plaintiff responded, alleging that the release was procured by fraud, and that at the time of the alleged settlement and release her mind was so enfeebled that she did not comprehend what she was doing, and that the same was not binding upon her.

Much evidence was introduced bearing upon both of the questions referred to, and in the main charge of the court both issues were submitted to the jury, but at the request of the defendant the court gave the following special instruction:

"The jury is charged that in determining whether or not the party is bound by the release executed by the plaintiff, it will only be necessary for you to determine whether or not the said plaintiff had the capacity to understand or to have explained to her the nature and effect of the said instrument she had executed, and if you find at the time that said instrument was executed the plaintiff had the capacity to understand

or to have explained to her the nature and effect of said release, you will return a verdict for the defendant on this issue."

This charge is complained of because it told the jury that the validity of the release depended solely upon the question of the plaintiff's mental capacity at the time it was executed, thereby eliminating the question of fraud in procuring the release. The objection is well founded and requires a reversal of the judgment. It may be conceded that the main charge was correct, but it did not correct the error in the special charge complained of. Bruce v. Koch, Dreyfus & Co., 94 Texas, 192; Citizens Railway Co. v. Mattie Sinclair, 36 Texas Civ. App., —, recently decided by this court, and cases there cited.

We also sustain appellant's contention that it was error for the court to instruct the jury, as it did in special charge number 3, given at the request of the defendant, to the effect that mental incapacity should not be inferred from any enfeebled condition of mind and body. The state of one's health may be considered in determining the question of mental capacity; and, undoubtedly, though insanity may not exist, the mind may be so enfeebled as to create mental incapacity to transact any business; and the charge complained of was not only upon the weight of testimony, but was the reverse of the law on the subject. International & G. N. Ry. Co. v. Shuford, 36 Texas Civ. App., —, recently decided by this court, and cases there cited.

Appellant's third contention must also be sustained. If she was mentally incapacitated at the time the release was executed, it is not binding upon her, although the agent who represented appellee at the time may have been ignorant of her mental condition, and the court erred in charging the jury otherwise.

Upon another trial the testimony may be different, and the questions presented by the eighth assignment of error eliminated from the case. If not, the trial court is referred to Mexican C. Ry. Co. v. Lauricella, 87 Texas, 279, for guidance in submitting the case to the jury.

On the other points presented in appellant's brief we rule against her.

For the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*