## WHITE v. HOLLAND et al.    (No. 9403.)

(Court of Civil Appeals of Texas. Ft. Worth. Dec. 4, 1920. Rehearing Denied Jan. 15, 1921.)

**1. Judgment ⬅️707—Divorce decree not conclusive as to party's sanity in subsequent action with third person.**

Divorce decree, recognizing existence and validity of husband's note secured by deed of trust in wife's land, was not conclusive, in subsequent action to foreclose the deed of trust, that wife if insane at time of execution thereof was sane at time of divorce, and therefore ratified it, notwithstanding Rev. St. 1911, art. 4632, as amended by Acts 33d Leg. (1913) c. 97 (Vernon's Sayles' Ann. Civ. St. 1914, art. 4632), providing that no divorce shall be granted unless both parties are sane; the plaintiff in subsequent action not having been a party to the divorce suit.

**2. Insane persons ⬅️99—Ratification of deed of trust executed while insane held for jury.**

In action to foreclose deed of trust defended on the ground that grantor was insane at the time of its execution, evidence *held* to require submission to jury of whether the deed of trust had been ratified during subsequent lucid intervals.

**3. Insane persons ⬅️79—Voidable act must be disaffirmed within reasonable time after removal of disability.**

Generally one entitled to disaffirm an act voidable because of an incapacity to perform it by reason of minority or want of disposing mind must disaffirm the voidable act within a reasonable time after the disability has been removed.

**4. Bills and notes ⬅️366—Mortgages ⬅️153—Payee, accepting note and deed of trust without knowledge of insanity of maker, not an innocent purchaser.**

Payee, accepting note to secure husband's debt and deed of trust on wife's land to secure note without knowledge that wife at time of execution of deed of trust was insane, was not protected as an innocent purchaser.

**5. Appeal and error ⬅️1173(2)—Judgment left undisturbed as to defendant, who did not appeal.**

On plaintiff's appeal from judgment for one defendant, where a codefendant did not appeal from judgment for plaintiff against such codefendant, the appellate court, in reversing and remanding the cause as between plaintiff and such first defendant, will leave the judgment for plaintiff against codefendant undisturbed.

Appeal from District Court, Parker County; F. O. M. Kinsey, Judge.

Action by W. F. White against G. A. Holland, guardian of Mrs. Sallie V. Sikes, and J. B. Sikes. Judgment for plaintiff against last-named defendant and in favor of first-named defendant against plaintiff, and the plaintiff appeals. Judgment as between

plaintiff and first-named defendant reversed and remanded, and affirmed as between plaintiff and last-named defendant.

T. F. Temple, of Weatherford, and Payne & Morris, of Fort Worth, for appellant.

Hood & Shadle, of Weatherford, for appellees.

CONNER, C. J. W. F. White, appellant, and hereafter referred to as plaintiff, instituted this suit on the 12th day of July, 1918, against G. A. Holland, as guardian of Mrs. Sallie V. Sikes, alleged to be a person of unsound mind, to recover the amount of the principal, interest and attorney's fees due upon a promissory note for the sum of $3,260, executed May 25, 1914, and for a foreclosure of a certain deed of trust on certain real estate, the separate property of the said Mrs. Sallie V. Sikes, executed contemporaneously with the note and to secure the same.

The defendant G. A. Holland answered, among other things, to the effect that Mrs. Sallie V. Sikes received no benefit whatsoever from the note or deed of trust, and that at the time she signed the note and executed the deed of trust, and ever since said time, she was of unsound mind and did not know what she was doing, and he prayed that Mrs. Sikes be discharged and that the cloud thus cast upon the title to the separate property of Mrs. Sikes, upon which the deed of trust rested, might be removed.

By a supplemental petition the plaintiff denied the insanity of Mrs. Sikes, and further pleaded especially to the effect that long after the execution of the instruments declared upon Mrs. Sikes entered into another contract with her husband, J. B. Sikes, in settlement of their estate, and that pursuant thereto, in a suit instituted by her against J. B. Sikes for divorce, she obtained a decree in accord with the terms of the contract of settlement, and that in the contract and decree the indebtedness declared upon by the plaintiff was expressly recognized as valid and based upon a valuable consideration; that at the time of such contract and decree Mrs. Sikes was sane, and hence was estopped from setting up her incapacity to make the original contract.

The case was tried before a jury, to which was submitted in a general charge the single issue of whether Sallie V. Sikes was insane and incapable of contracting, within the meaning of the court's charge, at the time of the execution of the note and trust deed described in plaintiff's petition. The jury's verdict was in the form prescribed by the court in event the jury should find in the defendant Holland's favor the affirmative of the issue submitted. The court thereupon entered a judgment in favor of the plaintiff as against J. B. Sikes and against the plaintiff and in favor of G. A. Holland as guardian, and the plaintiff has appealed.

[1] Appellant first assigns as error the refusal of the court to give a specially requested peremptory instruction in his favor. It is insisted in support of this charge that, regardless of the question of Mrs. Sikes' insanity at the time of the execution of the note and trust deed declared upon, these instruments were ratified by her as a matter of law by the judgment in her favor in the divorce suit later instituted by her. The evidence shows that Mrs. Sikes instituted her suit against J. B. Sikes for divorce, on the ground of cruelty rendering their longer living together insupportable, on the 10th day of February, 1917, and that in that suit she declared upon a contract of settlement theretofore entered into between herself and husband disposing of their marital rights in property. Because of their length, we will not set out the judgment of the contract of settlement, which is embodied in the judgment, but think it sufficient to say that both the contract and judgment in their several recitations tend strongly to show a recognition of the existence and validity of the debt declared upon in this suit. But the defendant J. B. Sikes in the divorce suit answered, among other things, that Mrs. Sikes at the time was insane. No determination of that issue, however, appears to have been made in the divorce suit; on the contrary, on the trial, from which this appeal has been taken, evidence was offered in behalf of the guardian, Holland, to the effect that Mrs. Sikes was insane at the time of the entering of the decree of divorce. If so, it cannot be said that Mrs. Sikes or those in privity with her would be precluded, by reason of the judgment, from asserting the alleged want of capacity on the part of Mrs. Sikes to execute the note or trust deed, for a ratification of a voidable act, to be effective, must be with the conscious knowledge of a mind capable of understanding the effect of the ratifying act. We must therefore overrule appellant's first assignment of error.

[2, 3] By a further assignment, however, appellant insists that the court erred in failing to submit to the jury the issue of ratification. Objection was made to the court's charge on that ground, and we think the objection must be sustained. The plaintiff, among other things, offered in evidence a judgment of a court of competent jurisdiction, dated January 23, 1917, in a proceeding instituted for the purpose of testing Mrs. Sikes' sanity to the effect that she was not then insane. Presumably, and until it be otherwise shown, she continued to be sane until the institution of her suit for divorce, which occurred within a short time thereafter. In the divorce suit, as before stated, as a foundation for part of the relief sought,

she declared upon a contract of settlement between herself and husband so expressed as to at least tend to show that she recognized the existence and the validity of the debt sued upon in this suit. Moreover, there is no evidence that Mrs. Sikes at any time from the date of the execution of the note and trust deed, on August 25, 1914, ever in any way repudiated or disaffirmed the same. This does not appear to have been done until so done by the guardian in his answer, filed October 14, 1919, more than five years after the execution of the original instruments. The evidence below tended to show that at all events Mrs. Sikes had lucid intervals, and as a general rule one entitled to disaffirm an act voidable because of an incapacity to perform it by reason of minority or a want of disposing mind must disaffirm the voidable act within a reasonable time after the disability has been removed. See 22 Cyc. pp. 1174, 1209; 24 R. C. L. p. 325, § 610; Bingham v. Barley, 55 Tex. 281, 40 Am. Rep. 801.

J. B. Sikes testified on the trial below that the note and trust deed in controversy was given for money borrowed by him from the plaintiff in this suit to relieve him of financial straits. He testified:

"Practically all my property, barring equities in other property, was involved. We were demonstrating this milling proposition at Ottoway, Kan., and we had gotten it up to the point that practical demonstration would prove the process, as to whether it was practicable or not, and we had our mill bought and had it practically completed, and we had some expert millers working on it. We needed $3,000, in order to make this test under regular milling conditions. They asked me if I could get this money, and I told them I thought I could, and I came back and spoke to some of my friends; came from Ottoway to Fort Worth; talked to Mr. White and possibly others—I know I talked with him—and in discussing this with my wife I went over the whole plan, and she asked me how much money it would be, and I told her. 'Why,' she says, 'I can get that much money on my farm.' I says, 'It never entered my mind to mortgage your farm, but if it would be perfectly agreeable to you, I feel so certain this will work out and demonstrate conclusively what this thing will do'; was $20,000 in it, and we agreed to do it, and she says, 'It will be perfectly all right with me.' I says, 'I believe I can get the money from White.' I then went to Mr. White and made arrangements, came back, and it was perfectly agreeable to her. She never has, from that day to this, in private or public, objected to this transaction until I had returned here in 1917, when I found her in the condition I found her, and two months that I stayed here and labored with her. That is the conditions under which the loan was made. I feel now that she was perfectly rational. She knew just what she was doing in every sense and every way."

When the circumstances, as detailed by J. B. Sikes, accompanying the creation of the debt, are considered, together with the long lapse of time that intervened until the attempted disaffirmance thereof and the recitations of the contract of settlement in the divorce suit and in the judgment for divorce, it must be held that the evidence at least raises the issue of ratification as pleaded by the plaintiff below. Especially is this true in the absence of any finding by the court or jury that Mrs. Sikes was insane either at the time of the contract between herself and husband for the settlement of their property rights or at the time of the entry of the divorce decree, and that therefore the court erred in failing to submit the issue of ratification.

[4] In view of another trial, we will notice one further contention of appellant. It is insisted that the court should have given the special instruction requested, to the effect that, if the plaintiff made the loan under consideration and accepted the note and deed of trust without knowledge of Mrs. Sikes' mental condition, he would be protected as an innocent purchaser. Appellant cites in support of this contention the following cases: Rhoades v. Fuller, 139 Mo. 179, 40 S. W. 760; Memphis Natl. Bank v. Sneed, 97 Tenn. 120, 36 S. W. 716, 34 L. R. A. 274, 56 Am. St. Rep. 788; Jamison v. Culligan, 151 Mo. 410, 52 S. W. 224; Lack v. Brecht, 166 Mo. 242, 65 S. W. 976. The cases cited, however, are decisions of other states, and do not announce the rule as adopted by our decisions. First Natl. Bank v. McGinty, 29 Tex. Civ. App. 539, 69 S. W. 495; Johnson v. Railway Co., 36 Tex. Civ. App. 487, 81 S. W. 1197.

[5] We conclude that judgment as between the plaintiff and the defendant G. A. Holland should be reversed, and the cause remanded because of the failure of the court to submit the issue of ratification, but the judgment in the plaintiff's favor as against the defendant J. B. Sikes is undisturbed; no appeal having been taken by J. B. Sikes.

### On Motion for Rehearing.

Appellant presents a motion for rehearing in which it is vigorously insisted that the decree of divorce is conclusive that Sallie V. Sikes was at the time sane, and that therefore the judgment in its legal effect amounts to a ratification of the note and trust deed declared upon in appellant's petition. It is true that the act of the Thirty-Third Legislature, approved April 1, 1913 (see Regular Session, p. 183 [Vernon's Sayles' Ann. Civ. St. 1914, art. 4632], amending article 4632 of the Revised Statutes of 1911), provides that it shall not apply in any case where either the husband or wife is insane, and in construing the act the Dallas Court of Civil Appeals, in the case of Skeen v. Skeen, 190 S. W. 1118, held that the district court was not

authorized to grant a decree of divorce where it appeared that the plaintiff was insane. But appellant was in no sense a party or privy to the decree of divorce under consideration in this case, and in such cases, however well established to the contrary it may be between parties and privies to a judgment, the decree is not conclusive. See Freeman on Judgments, §§ 154–159; Bertrand v. Bingham's Adm'x, 13 Tex. 266, 267. On this subject we know of no clearer statement than that given by Judge Wheeler in the last-cited case. He says:

"There is and can be no controversy as to the rule of law invoked by the defendant; that is, that a matter once litigated and determined by competent authority cannot a second time be brought in controversy between the same parties. In the concise and perspicuous language of Lord Chief Justice De Grey in the Duchess of Kingston's Case, so universally quoted with approbation: 'The judgment of a court of concurrent jurisdiction, directly upon the point, is, as a plea, a bar; or as evidence, conclusive, between the same parties, upon the same matter, directly in question in another court.' But to give a judgment such effect, it is an essential element in the rule that there be an identity of parties. For it is a principle, universally acknowledged, that no one can, in general, be bound by a judgment, unless he be a party to the suit, or be in privity with the party. 1 Stark. Ev. 217n. 'It is,' says Starkie, 'a general rule that a verdict shall not be used as evidence against a man where the opposite verdict would not have been evidence for him; in other words, the benefit to be derived from the verdict must be mutual. This,' he adds, 'seems to be no more than a branch of the former rule, that to make the judgment conclusive evidence the parties must be the same; for then the benefit and prejudice would be mutual and reciprocal.' Id. 220. 'Both the litigants must be alike concluded, or the proceedings cannot be set up as conclusive upon either.'"

It may be suggested that a decree of divorce is a decree in rem, and therefore in accord with a well-established line of authorities, binding upon all the world. In a sense this may be true. The decree may well be said as against all the world to establish the marital status of the parties. But we do not think the decree is one in rem in so far as it disposes of property rights between the parties. This distinction was observed in the decision of the Dallas Court of Civil Appeals cited above. For in that case, while the power of the court to grant a decree of divorce was denied, the power of the court to dispose of property rights between the husband and wife was distinctly upheld. If, therefore, it be conceded that the judgment of divorce under consideration is conclusive as to every issue involved therein, including the issue of insanity as between Sallie V. Sikes and her husband, J. B. Sikes, it is not so as

between appellant and the legal representative of Sallie V. Sikes in the present suit, at least, in so far as the decree operates upon the rights of the parties to the property.

We conclude that the motion for rehearing should be overruled.