## CHANDLER et ux. v. WEIMERS.
### No. 8973.
Court of Civil Appeals of Texas. San Antonio.

Jan. 18, 1933.

Rehearing Denied March 1, 1933.

Douglas & Black, of San Antonio, and H. D. Barrow, of Jourdanton, for plaintiffs in error.

C. S. Slatton, of San Antonio, and L. Morgan Williams, R. R. Smith, and A. N. Steinle, all of Jourdanton, for defendant in error.

FLY, Chief Justice.

This is a writ of error from a judgment in the district court, denying the probate of a will purporting to have been executed by Johana Weimers, dated April 14, 1926. Probate of the will was contested by Charles B. Weimers, Guardian of Christopher T. Weimers, a lunatic, confined in a hospital for the insane.

The facts show that Christopher T. Weimers, the husband of Johana Weimers, was adjudged a lunatic and confined in the State Hospital for the Insane at San Antonio, Tex. He had been confined for many years, and his wife, Johana Weimers, lived on their farm in Atascosa county. Oil had been discovered on the land, and royalties for the oil were collected by an agent of Mrs. Weimers named Joe Kassler, to whom she paid 25 per cent. of the royalties. Kassler for years lived in the house with Mrs. Weimers. He died in March, 1926, and after his death C. M. Chandler and Lillie N. Chandler moved into the home of Mrs. Weimers. Mrs. Weimers, on April 14, 1926, following the death of Kassler, and after the Chandlers had moved into her home, executed the will sought to be probated in this suit, in which the bulk of her estate was left to the Chandlers. Six hundred dollars was bequeathed to four persons and all the balance left to the Chandlers. The property was averred, by the Chandlers, to be of the probable value of $5,000 or $10,000. They were not related to Mrs. Weimers, and she stated in the will, as her reason for bequeathing the property as she did, that they take care of her in her old age and treat her with the kindness and consideration they had treated her in the past. They had lived with her probably a month before she made the will. It was shown that Mrs. Weimers loved Willie Munk more than any one in the world, and yet he was bequeathed nothing, and his mother, who had been dead many years, was bequeathed $200. There was expert testimony to the effect that Mrs. Weimers was of unsound mind, and there was other testimony to that effect.

The jury found that Mrs. Weimers did not have mental capacity to execute a will on April 14, 1926. There was evidence to support the finding. It is utterly incredible that the seventy-five year old woman should have become so attached to a couple who had only a short period before moved into her home. It is true that she had known them for quite a while before, and they had lived in a house of hers on the farm, but the evidence fails to disclose any foundation in reason, common sense, or gratitude, for such affection for the Chandlers as would induce the practical disinheritance of her husband and his and her relatives. Such an unnatural disposition of property can be looked to as evidence of unsoundness of mind of the testator, and this is intensified in this case by evidence that a boy that she loved more than any one was entirely omitted from her will. Prather v. McClelland, 76 Tex. 587, 13 S. W. 543; Ency. Dig. Tex. Reports, p. 816. The evidence shows that the Chandlers were not satisfied with the will because the executor therein was also a witness, and so in September, 1926, procured from Mrs. Weimers the execution of another will, about nine days before she died. That will was not permitted to be probated by the county court, and, on appeal to the district court and this court, that judgment was affirmed. The cause was transferred by the Supreme Court to the Court of Civil Appeals at El Paso. That court affirmed the judgment of the district court in denying probate of the will made in September, 1926. Chandler v. Wiemers (Tex. Civ. App.) 4 S.W.(2d) 569. The only points presented in that case were improper argument and improper conduct of the jury. The judgment of the district court was affirmed. Nothing was presented to the Court of Civil Appeals, as to the propriety of the action of the courts in denying probate of the

will, and necessarily, nothing was decided by that court. The decision of the court should have been invoked on the two vital questions as to mental capacity of the testatrix to execute a will and undue influence exercised by the beneficiaries of the will.

■ The jury in this case have decided that Mrs. Weimers was not mentally capacitated to execute the will of April 14, 1926, and we think all the circumstances bear out that conclusion. The jury also found that undue influence was exercised by the Chandlers upon Mrs. Weimers to induce her to give the whole of her fortune to them. They had no claim on the ground of relationship or favors done for testatrix. The only evidence that she recognized a debt of gratitude to them was the declaration in the will procured by them from her, and that was coupled with the consideration that they should care for her in her declining years. The records fail to show that the Chandlers had performed any such services for Mrs. Weimers as would induce a woman to disinherit all connected with her by blood or marriage and give thousands of dollars worth of property to unrelated persons. The testimony showed not only mental incapacity to execute the will, but that undue influences must have been used to lead the old woman into such an unnatural and unreasonable action.

The judgment is affirmed.