### OWEN et al. v. FREE et al.
### No. 1599.

Court of Civil Appeals of Texas. Waco.
July 10, 1935.

Rehearing Denied Sept. 26, 1935.

Hatchell & Campbell, of Longview, and Milton Greer Mell and Gus Morris, both of Gilmer, for appellants.

Sanders & McIntosh, C. E. Florence, and Edwin M. Fulton, all of Gilmer, Mayfield & Grisham, Weeks, Hankerson & Potter, and F. G. Swanson, all of Tyler, R. E. Seagler, of Houston, A. L. Camp, of Fort Worth, and Murphy & Murphy, of Longview, for appellees.

ALEXANDER, Justice.

In 1896, Mrs. M. C. Owen conveyed to W. W. Bowden fifty acres of land in Upshur county. On March 4, 1933, C. W. Owen and others, as the heirs of said Mrs. M. C. Owen, now deceased, brought this suit against J. W. Free and others, as Bowden's successors in title, for the cancellation of said deed and to recover said land. It was alleged that Mrs. Owen was of unsound mind at the time she executed said deed and so remained until her death in January, 1917. It was further alleged that Mrs. Emma Perdue, one of the plaintiffs who was a daughter of Mrs. M. C. Owen, was adjudged to be of unsound mind in 1915 and that she has remained in this condition continuously since then. The defendants plead the three, five, ten, and twenty-five year statutes of limitation (Vernon's Ann. Civ. St. arts. 5507, 5509, 5510, 5519) to the action to recover the land, but did not plead the four-year statutes of limitation (Vernon's Ann. Civ. St. art. 5520) to the action to cancel said deed. Said defendants also filed a cross-action to recover said land and plead the three, five, ten, and twenty-five year statutes of limitation in support of their title. The case was submitted to a jury on special issues, and in response thereto the jury found that Mrs. M. C. Owen was of unsound mind at the time she executed the deed in question to W. W. Bowden; that Emma Perdue was of unsound mind in 1915 and has remained in that condition continuously since then; that the defendants and those under whom they claim had held peaceable and adverse possession of the land in controversy, (a) cultivating, using, and enjoying the same for ten years, (b) paying taxes thereon and claiming under a deed or deeds duly registered for five years, (c) and claiming under title or color of title for three years, prior to the filing of this suit; and that the defendants and those under whom they claim have had peaceable and adverse possession of said land for a period of twenty-five years prior to the filing of this suit, under a claim of right, in good faith under deeds purporting to convey the same, which deeds have been recorded in the deed records of Upshur county. Based upon this verdict, the trial court entered judgment for the defendants. The plaintiffs appealed.

■ The evidence is sufficient to support the jury's finding that Mrs. M. C. Owen was of unsound mind at the time she executed the deed to W. W. Bowden under which the defendants claimed title to the land. Under these circumstances, the plaintiffs as the heirs of said Mrs. Owen were entitled to have said deed canceled and to recover said land, unless their cause of action was barred by limitation. 24 Tex. Jur. 383; Williams v. Sapieha, 94 Tex. 430, 61 S. W. 115; Houghton v. Rice, 15 Tex. Civ. App. 561, 40 S. W. 349, 1057.

■ Whether or not the cause of action to recover the land was barred by limitation depends on whether the deed in question was void or merely voidable, for if the deed was void, the action to recover the land accrued immediately upon delivery of possession; whereas, if said

deed was merely voidable, the action to recover the land would not accrue until the deed had been canceled. Deaton v. Rush, 113 Tex. 176, 252 S. W. 1025.

While there is authority for the proposition that where an insane person has been placed under guardianship pursuant to a valid judgment, his deed, as against his guardian, is absolutely void, 24 Tex. Jur. 381; Elston v. Jasper, 45 Tex. 409, the general and well-accepted rule in Texas is that the deed of an insane person who has no guardian is merely voidable and not absolutely void. 24 Tex. Jur. 380, 383; Williams v. Sapieha, 94 Tex. 430, 61 S. W. 115; First Nat. Bank v. McGinty, 29 Tex. Civ. App. 539, 69 S. W. 495; Newman v. Taylor (Tex. Civ. App.) 122 S. W. 425; Vogel v. Zuercher (Tex. Civ. App.) 135 S. W. 737; Westbrook v. Adams (Tex. Civ. App.) 17 S.W.(2d) 116; Murphy v. Johnson (Tex. Civ. App.) 54 S.W.(2d) 158, 164, par. 6. The evidence discloses that Mrs. Owen was adjudged to be of unsound mind and was committed to an asylum in 1886. She had been released from the asylum on parole at the time she executed the deed, but was later recommitted to that institution. There is nothing to indicate that a guardian had ever been appointed for her person or estate. Under these circumstances, we hold that her deed was merely voidable and not void; that it was necessary to set said deed aside before the right of action to recover the land accrued; and that as a consequence the appellants' action to recover the land was not barred by the three, five, nor ten year statutes of limitation (Vernon's Ann. Civ. St. arts. 5507, 5509, 5510) at the time this suit was filed to cancel the deed and to recover the land. Deaton v. Rush, supra.

Appellees were not entitled to defeat appellants' cause of action nor to recover said land on their cross action by virtue of the twenty-five year statute of limitation as embodied in Revised Statutes, art. 5519, as amended (Vernon's Ann. Civ. St. art. 5519), because the deeds under which they were claiming title had not been recorded for the time provided for in the statute. The deed from Mrs. Owen to W. W. Bowden, which was executed in 1896, was not recorded until 1901. L. A. Bowden and others as the heirs of W. W. Bowden conveyed the land to R. Fenton by deed dated October 20, 1913; but this deed was not recorded until October 1930. R. Fenton conveyed the land to J. W. Free, one of the appellees herein, by deed dated December, 1917; but said deed was not filed for record until November 5, 1919. It will thus be seen that the deeds under which appellees and those under whom they claim had not been recorded regularly and without any material break for the full period of twenty-five years at the time this suit was filed. The provisions of the twenty-five year statute of limitation as embodied in Revised Statutes, art. 5519, as amended (Vernon's Ann. Civ. St. art. 5519), with reference to the necessity for the recording of the deed under which title is asserted, are substantially the same as those embodied in Revised Statutes, art. 5509, prescribing a period of five-year limitation in certain cases. Under the five-year statute, it is uniformly held that in order to authorize the tacking or combining of the periods of occupancy by two or more claimants for the purpose of making up the statutory period of limitation, there must have been not only continuous and consecutive possession and privity of title between such occupants, but the conveyance purporting to vest title in each particular occupant and under which he has asserted title must have been of record during the period of his occupancy; and if there has been any material delay in the recording of the conveyance from one of the occupants to his successor in possession, the continuity has been broken and the period of limitation interrupted. 2 Tex. Jur. 173; Gillum v. Fuqua (Tex. Civ. App.) 61 S. W. 938; Haring v. Shelton, 103 Tex. 10, 122 S. W. 13; Dunn v. Taylor (Tex. Civ. App.) 147 S. W. 287; Sweeten v. Taylor (Tex. Civ. App.) 184 S. W. 693; Daugherty v. Manning (Tex. Civ. App.) 221 S. W. 983; Dupuy v. Dicks (Tex. Civ. App.) 218 S. W. 49; Griswold v. Comer (Tex. Com. App.) 209 S. W. 139. We are of the opinion that Revised Statutes, art. 5519, as amended (Vernon's Ann. Civ. St. art. 5519), should be given the same construction in this respect as has heretofore been given to article 5509. See, in this connection, Cauble v. Halbert (Tex. Civ. App.) 254 S. W. 407; Kellogg v. Southwestern Lumber Co. (Tex. Civ. App.) 44 S.W.(2d) 742, 749; Easterling v. Murphey (Tex. Civ. App.) 11 S.W.(2d) 329. Under the facts above set out, no one of the various claimants occupied the

property for the full period of twenty-five years under a deed purporting to convey the title to him. There was such delay in the recording of the conveyances between the various occupants as to break the continuity, and as a consequence the periods of occupancy by the various claimants cannot be combined for the purpose of making up the required twenty-five year period.

From what has been said, it is apparent that the judgment of the trial court cannot be sustained. It is the practice upon reversal of the judgment of the trial court to remand the cause for a new trial instead of rendering judgment for the appellee, in the absence of a showing that the case has been fully developed. 3 Tex. Jur. 1219; Texas Employers' Ins. Ass'n v. Herring (Tex. Com. App.) 280 S. W. 740; Associated Oil Co. v. Hart (Tex. Com. App.) 277 S. W. 1043, pars. 6 and 7; Brooks Construction Co. v. First State Bank of Marquez (Tex. Civ. App.) 39 S.W.(2d) 83, par. 7 and cases there cited.

The judgment of the trial court is reversed, and the cause remanded for a new trial.