**NEILL et al. v. PURE OIL CO. et al.**

No. 12086.

Court of Civil Appeals of Texas. Dallas.

Jan. 9, 1937.

Rehearing Denied Feb. 6, 1937.

Slay & Simon, of Fort Worth, and Geo. W. Barcus and C. S. Farmer, both of Waco, for appellants.

Vinson, Elkins, Weems & Francis and David T. Searls, all of Houston, for appellees.

BOND, Justice.

Appellants, Exa Neill et al., filed this suit on March 6, 1934, against the Pure Oil Company et al., to recover the title and possession of two tracts of real estate. Plaintiffs alleged in their first amended petition, on which they stood for trial, that Exa Neill was the surviving wife of J. W. Neill, deceased, and that the other plaintiffs, except J. C. Young and Ralph Sexton, were the children of J. W. Neill and Exa Neill; that J. W. Neill died intestate, on November 1, 1928, and, during his lifetime, owned a 60-acre tract of land out of the H. V. Moore survey and an 86-acre tract out of the John Walling survey, in Van Zandt county, Tex., and at the time of his death was seized and possessed of said real estate; and that the plaintiffs, as the heirs of J. W. Neill, were entitled to the title and possession of the two tracts of land; and further alleged that the defendants claim to own the 60 acres, by virtue of a deed executed by J. W. Neill on September 3, 1910, filed for record October 21, 1916, and recorded in Volume 118, page 175, of the Deed Records of Van Zandt county, Tex.; and that defendants also claim to own the 86-acre tract under a deed executed by J. W. Neill et ux. to E. B. Tunnell, on March 23, 1908, filed for record July 4, 1926, and recorded in Volume 169, page 139 of the Deed Records of Van Zandt county, Tex.; and, further, that, at the time each of the said deeds were executed, J. W. Neill was of unsound mind, did not have the mental capacity to understand the nature of the transaction, and was not able to sell property or make conveyances, and by reason thereof plaintiffs were entitled to have the two deeds canceled and held for naught.

In answer to plaintiffs' petition, all of the defendants pleaded fully, but, in view of the disposition made of the case by the trial court, it will only be necessary to consider the action of the court on defendants' special exceptions, in which defendants specially excepted to plaintiffs' petition, upon the ground that it was insufficient in law, because it appears upon its face that the suit was barred by the four-year statute of limitation (article 5529, R.S.1925). The trial court sustained the exceptions and, as plaintiff declined to amend, the suit was dismissed.

The basic question involved on this appeal is whether plaintiffs have asserted such a cause of action in their pleadings as is barred by the four-year statute of limitation (article 5529), which reads as follows: "Every action other than for the recovery of real estate, for which no limitation is otherwise prescribed, shall be brought within four years next after the right to bring the same shall have accrued and not afterward." In determining this question, the form in which the action is brought is not material. Whether the suit is one for the recovery of land does not depend upon the form of the pleadings, but upon the nature of the title asserted. Plaintiffs pleaded all the elements in trespass to try title, as well as the cancellation of the deeds under which defendants claim title. It will be seen that the plaintiffs and defendants each claim title to the land in controversy through a common source—plaintiffs, by heirship from

J. W. Neill, and the defendants, by mesne conveyances from J. W. Neill. The deeds evidently stand in the way of plaintiffs' recovery of title to the land, thus they invoked, by pleadings, the equitable powers of the court to set aside the deeds or cancel them on the ground that J. W. Neill was of unsound mind and lacked mental capacity to execute them. Recognizing this to be its nature, rather than one to remove clouds from title, the defendants urged the statute of limitation appropriate to such an action.

It is the settled law in this state, we think, that a deed executed by a person of unsound mind is not void but voidable. 24 Tex.Jur. 380, 383; E. J. Williams, G'd'n, v. Louis Sapieha, 94 Tex. 430, 61 S.W. 115; First Nat. Bank of Navasota v. McGinty et al., 29 Tex.Civ.App. 539, 69 S.W. 495; Newman v. Taylor (Tex.Civ.App.) 122 S.W. 425; Vogel v. Zuercher et al. (Tex.Civ.App.) 135 S.W. 737; Westbrook v. Adams (Tex.Civ.App.) 17 S.W.(2d) 116; Murphy v. Johnson (Tex.Civ.App.) 54 S.W.(2d) 158; Owen et al. v. Free et al. (Tex.Civ.App.) 85 S.W.(2d) 1090. Hence, as a voidable deed, it effectually accomplishes the thing sought to be accomplished, until set aside in a suit for rescission or cancellation. Such a deed prima facie conveys the title to the land, and, where the recovery of the title necessarily follows the rescission or cancellation of the deed, the action brought thereon is not, strictly speaking, a suit to recover real estate. The recovery of the land could not be obtained until the deed was canceled; the judgment for the land would be the consequence of the relief primarily granted, and could not, but for that relief, be recovered. Carl et al. v. Settegast et al. (Tex.Com.App.) 237 S.W. 238; Deaton et ux. v. Rush et al., 113 Tex. 176, 252 S.W. 1025; Chicago, Texas & Mexican Central Ry. Co. et al. v. Daniel Titterington et ux., 84 Tex. 218, 19 S.W. 472, 31 Am.St. Rep. 39; McCampbell v. Durst et al., 15 Tex.Civ.App. 522, 40 S.W. 315 (writ of error refused Durst v. McCampbell, 91 Tex. 147, 40 S.W. 955, 41 S.W. 470).

In the case of E. J. Williams, G'd'n, v. Louis Sapieha, 94 Tex. 430, 61 S.W. 115, supra, our Supreme Court, speaking through Judge Brown, directly decided the law to be in this state that an insane man's deed is voidable and not void, evidently reaching that conclusion on the ground of the similarity between the deed of an insane person and that of a minor. The general and well-accepted rule in Texas is that the deeds and contracts of infants are voidable and not void. 23 Tex.Jur. 714; Brown v. Farmers' & M. Nat. Bank, 88 Tex. 265, 31 S.W. 285, 33 L.R.A. 359; M. M. Askey et al. v. A. J. Williams, 74 Tex. 294, 11 S.W. 1101, 5 L.R.A. 176. The law presumes every party to a legal contract to have had sufficient mental capacity to understand his legal rights with reference to the transaction involved. The courts, therefore, conclude that deeds executed by infants, insane persons, and those induced by fraud, accident, or mistake have the effect of passing and conveying title to land, thus it is necessary to set aside or rescind such deeds to avoid such legal presumption.

In the case of Bookhout et al. v. McGeorge, 65 S.W.(2d) 512, 515, this court had occasion to say that "the statute [Art. 5529] invoked by appellee is only applicable where a plaintiff seeks to cancel, reform, or set aside an instrument that stands in the way of a recovery in an action of trespass to try title, and is not applicable to an action to remove clouds from a legal title." Therefore, to show title to the land sued for, if it can be said that the deeds executed by J. W. Neill, while insane, are absolutely void and not merely voidable, and plaintiffs seek to remove such clouds from their title, the action would be one for the recovery of real estate and would not be barred by the four-year statute; but plaintiffs' action rests upon equitable title, assertion of which requires the aid of a court of equity to determine, thus the action is not one to recover real estate but one to remove the impediment to such title, and is barred by the four-year statute of limitation; and, as a consequence, the trial court did not err in sustaining the exceptions and dismissing the suit; the judgment is affirmed.

Affirmed.