## WALSTON et al. v. MABRY et al.

### No. 6478.

Court of Civil Appeals of Texas. Texarkana.

Dec. 1, 1949.

 

Pat Beadle, Clarksville, for appellants.

Leighton Cornett, Paris, for appellees.

LINCOLN, Justice.

The judgment of the District Court of Red River County, after a jury verdict, nullified the will of ·Mrs. Penny Mabry, and this appeal is by the proponents of the will. The trial court submitted but one issue to the jury, in response to which the jury found that at the time Mrs. Mabry executed the will she did. not have the testamentary capacity to do so. From a judgment of the county court upholding the will and its own judgment previously rendered in probate thereof, the appellees removed the case to the district court by writ of certiorari where it was tried with the result indicated.

The appellants are Clifton Walston, independent executor under the will, and his wife, Nell Ruth Walston, both of whom were the only beneficiaries under the will. Mrs. Walston is the daughter of Mrs. Willie Belle Burgess, and Mrs. Burgess is a daughter of the testatrix. Mrs. Burgess was also made an original defendant but she filed a disclaimer and was dismissed from the suit.

Appellants present six points of error but they are all grouped for consideration and appellants have briefed and submitted them as being predicated "upon one proposition of law, viz., the lack of competent evidence to support the finding of the jury, and the judgment of the court based thereon."

The will was executed and dated April 29, 1946. At that time Mrs. Mabry was about 78 years old. She died April 15, 1947, in Red River County, where her estate was located. In 1940, she fell and received a hip injury from which she never recovered. From that time until her death she was confined to her bed or to a wheelchair. For at least three years before her death she was in a frail, emaciated condition of health. For a period of time variously stated from a few months to two or three years prior to her death she had "bedsores." She had no control over her bodily excretions, and this failure of functions had existed for periods variously stated from a few months to seven or eight years. Several witnesses testified positively that at the time she made the will she was of unsound mind. Some witnesses detailed facts from which it appears that she could not carry on a conversation; that she did not know her children or close neighbors; that on one occasion she called one of her. sons a dog; that on another occasion she called her children varmints, and called a potato a watermelon. Witness Alexander, a neighbor—and from all that appears he was a disinterested witness—testified that at a date which he fixes at about two years before her death, he saw her at her home, and that he believed "she was a very sick woman," that "she was as thin as I ever saw any person alive. He face was drawn, and I didn't see how a person could possibly live in that condition."

■ The foregoing are only a few of the facts detailed. Appellants argue that the testimony as to unsoundness of her mind consists of opinions of witnesses not based on sufficient facts. Objections to the admissibility of such opinions were made and overruled by the trial court. No points of error are presented for review of such rulings. So long. as such nonexpert opinions were based on facts detailed by the witnesses who expressed them, the trial court probably admitted them on the theory that the objections went more to the weight of such opinions than to their admissibility. The value of such testimony was for the jury.

■ The statement of facts. contain 282 pages. It would extend this opinion to an unreasonable length if we should undertake to set forth any considerable part of the testimony further than what has already been done. The issue of her mental

capacity at the time she executed the will was sharply contested, and is conflicting. Upon the basis of the testimony presented, reasonable minds might differ on the conclusions to be drawn. It was within the province of the jury to pass upon all the facts and circumstances in evidence, and upon the conduct and attitude of witnesses who were before them. They were charged by the court that they were the exclusive judges of the facts proved, of the credibility of the witnesses, and of the weight to be given to the testimony. In the one issue submitted they were given an explanatory statement to aid them in passing upon the issue, against which no complaint has been leveled. The burden of proof was properly placed upon the contestants of the will, appellees in this court. Chambers v. Winn, 137 Tex. 444, 154 S.W.2d 454; Highsmith v. Tyler State Bank et al., Tex. Civ.App., 194 S.W.2d 142. In 44 Tex.Jur., p. 575, it is said: "In accordance with the settled rule which declares that the determination of a trial court upon conflicting evidence is conclusive upon an appellate court, a judgment in favor of the contestant will be affirmed where the record discloses evidence pro and con upon the issue as to mental competency or ability."

The foregoing statement is amply sustained by the numerous authorities cited in the note appended thereto.

 In considering the sufficiency of the evidence to sustain the finding of the jury we must look to all the evidence, both direct and circumstantial, which is favororable to the verdict, and must disregard all the evidence contrary thereto. Polser v. Polser, Tex.Civ.App., 179 S.W.2d 542. The appellate court may feel that the testimony contrary to the verdict is stronger than that in favor of it. But it is not within the province of the appellate court to compare the probative force of evidence of opposing sides. Buchanan v. Davis, Tex.Civ.App., 300 S.W. 985, affirmed by Supreme Court, 12 S.W.2d 978.

 Much of the testimony related to the age and physical infirmity of testatrix. While the direct inquiry here was the mental and not the physical incapacity of testatrix, yet physical condition of a human being is so directly and intimately related to the mental state that the physical condition is a circumstance entitled to consideration by the jury in its ascertainment of the mental condition. Johnson v. Gulf, C. & S. F. Ry. Co., 36 Tex.Civ.App. 487, 81 S.W. 1197; Bradshaw v. Brown, Tex. Civ.App., 218 S.W. 1071; Buchanan v. Davis, Tex.Civ.App., 300 S.W. 985. So, also, as to age. While old age itself is not sufficient proof of mental incapacity to make a will, or even to raise an issue, yet old age is a fact which may be proved; and old age may be shown by evidence to have produced, or contributed to cause, an intellectual decline. See authorities last cited.

Mrs. Mabry's will did not name any of her children as beneficiaries. She left her estate to a granddaughter and her husband. Under the facts adduced this was an unnatural disposition of her property. There is no law against doing that, provided there is sufficient mental capacity present and the act is the result of a volition free of imposition. However, such unnatural disposition is itself a circumstance for the jury's consideration, along with all other evidence, in passing upon the testator's mental capacity to make a will. Chandler v. Weimers, Tex.Civ.App., 57 S.W.2d 585, error refused.

 At the conclusion of the trial the question facing the trial court was whether the evidence on part of plaintiffs was sufficient to raise the issue of testamentary incapacity. Under Rule 301, Texas Rules of Civil Procedure, a motion for judgment notwithstanding the verdict is authorized only if a directed verdict would have been proper. We find the evidence sufficient to raise the issue and to support the verdict. The trial court was therefore correct in overruling the motions of appellants for a directed verdict, and for judgment notwithstanding the verdict. The jury having found against appellants, it is our duty to uphold the verdict and the court's judgment based thereon, in the absence of any error calling for a reversal. The judgment is affirmed.