Drake v. Crowell.

---

## OLIVER DRAKE v. JOSEPH L. CROWELL.

The title of a *bona fide* purchaser for value without notice, will not be affected by the fact that his grantor acquired title by fraud or from one mentally imbecile. Notice that there was an existing lawsuit, and that the title would be contested, will not deprive him of the character of a *bona fide* purchaser, if such lawsuit has no relation whatever to the alleged fraud or mental imbecility, the defects insisted upon in the present suit. The defendant had a right to infer that the threatened litigation was to proceed upon the same ground as the former suit.

In ejectment. On rule to show cause.

Argued at November Term, 1877, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and KNAPP.

For the plaintiff, *A. M. Hassell.*

For the defendant, *W. Strong* and *Cortlandt Parker.*

The opinion of the court was delivered by

VAN SYCKEL, J. This action of ejectment is brought to try the title to land situate at Perth Amboy.

Drake v. Crowell.

Both parties derive title from Simeon B. Drake; the plaintiff as his heir-at-law, the defendant through a conveyance made by Simeon in his lifetime.

On the 30th of June, 1846, Simeon conveyed the premises in question to Gage Inslee; in 1859, the executors of Gage Inslee conveyed to Sarah Ann Sutton, who, in 1872, conveyed to the defendant, Crowell.

The plaintiff's case rests upon the allegation that the conveyance to Gage Inslee was procured by fraud or undue influence over Simeon B. Drake, a weak-minded young man, who had not sufficient mental capacity to make a binding contract. Without considering whether the evidence justifies that conclusion, this controversy will be solved by determining whether, under the testimony adduced, the defendant is chargeable with notice of the alleged infirmity in his grantor's title.

The law in this state is settled, that contracts with lunatics and insane persons are invalid, subject to the qualification that a contract made in good faith with a lunatic, for a full consideration, which has been executed without knowledge of the insanity, or such information as would lead a prudent person to the belief of the incapacity, will be sustained. *Mathiessen* v. *McMahon's Adm'r*, 9 *Vroom* 536; *Eaton* v. *Eaton*, 8 *Vroom* 108.

Unless, therefore, knowledge of the fraud or mental imbecility can be imputed to Crowell, at the time he took his conveyance, his title cannot be successfully attacked.

In this view of the case, it will turn upon the question whether he was a *bona fide* purchaser for value, without notice.

That he paid Mrs. Sutton $4000 for the premises, ($2000 in cash, and a mortgage for the balance,) is not denied.

The only notice given to the defendant appears in the testimony of Isaac C. Ackens, who testifies that the plaintiff told the defendant that he had understood he was talking about buying this property, and he wanted to tell him that there was a lawsuit existing, and that he was going to contest the title of this property, and wished to save the defendant trouble. The

defendant admits that he was told that the property was in litigation, and he employed counsel to examine into the matter before he completed his purchase. The pending suit was a suit in chancery, which has been abandoned and dismissed. It had no relation whatever to the defect in the title now insisted upon, and cannot operate as a notice that any such defect existed. The declaration of the plaintiff, that he intended to contest the title of the property, being made in connection with the statement that a suit was pending in chancery, gave the defendant reasonable ground to infer, in the absence of any other notice, that the threatened litigation would proceed upon the same ground. He prudently caused the grounds upon which the title was sought to be impeached in that cause, to be investigated before he acted, and should not now be subjected to loss by reason of an existing incapacity in Simeon, of which he had no information.

What relief the plaintiff may have in equity against the defendant's grantor, by stopping the payment of the money due on the mortgage given by the defendant, or otherwise, cannot now be considered.

If Simeon had sufficient mental capacity to execute a deed, fraud on the part of Gage Inslee, in obtaining his conveyance, cannot, after a lapse of thirty years, be set up by the plaintiff to defeat that which has ripened, by adverse possession, into a perfect title.

I think the verdict should be set aside.