P. BALLANTINE & SONS, A BODY CORPORATE, PLAINTIFF-RESPONDENT, v. ANNA GULKA, DEFENDANT-APPELLANT, AND FRANK TOKES AND JOSEPH PASCAL, DEFENDANTS.

Submitted May 15, 1936—Decided August 27, 1936.

Before Justices BODINE and HEHER.

For the appellant, *Irving W. Teeple.*

For the respondent, *Samuel B. Gould* (*William Fogel,* of counsel).

The opinion of the court was delivered by

HEHER, J.   The question for decision is whether the vendor of a retail liquor business, holding a license under chapter

436 of the laws of 1933 (*Pamph. L., p.* 1180), as amended by chapter 85 of the laws of 1934 (*Pamph. L., p.* 218), is liable for the price of malt liquors sold by a wholesale liquor dealer to the vendee during his period of ownership and management, for resale in the continued conduct of the retail business, where the vendee was not licensed, but conducted the business "under the license issued to" the vendor.

The District Court judge, sitting without a jury, found as a fact that "the plaintiff knew that" Pascal, the vendee, "was running the business and was assuming to do so under his own name," but held as a matter of law, that, "while business was being conducted under the license issued to" Gulka, the vendor, "with her knowledge and consent, she was liable for debts incurred for malt liquors used in the business under that license during the time that" the vendee "was operating the business." He awarded judgment against both vendor and vendee. The former appealed.

This ruling is erroneous. As found by the judge, the goods were sold and delivered to Pascal the vendee, and not to his vendor. Such obligation as the transaction imposed is purely contractual in nature; and it is an established principle, fundamental in the law of contracts, that a contractual obligation arises from the mutual consent of the parties only. The true contract, whether it be express or implied in fact, has its source in the common intention of the parties. *First National Bank, &c.,* v. *Perth Amboy Iron and Metals Co.,* 119 *N. J. Eq.* 569; *Jersey City* v. *Hudson County National Bank,* 116 *N. J. L.* 593. Here, there was no express promise to pay by Gulka, the vendor; nor can a promise to pay be implied from the circumstances. The goods were sold and delivered to her vendee, Pascal. There was no evidence tending to show Gulka's participation in any sense in the conduct or management of the business after its sale and transfer to Pascal. There was no partnership or agency, real or apparent; the latter did not presume to act as agent for Gulka.

Nor does the case fall into the category of *obligationes quasi ex contractu.* It is neither an obligation founded upon a record, nor upon a statutory, official, or customary duty, nor

yet upon the principle that no one ought unjustly to enrich himself at the expense of another. See *Keener on Quasi-Contracts* 16. The statute (section 23) provides that the prescribed license is not transferable, and classifies as a misdemeanor (section 48) the sale of alcohol beverages in violation of its provisions. It does not exhibit a purpose to impose upon the vendor, in such circumstances, an obligation contractual in nature, nor to lay a penalty in this form against him, to make the licensing provisions effective. It does not create an obligation and provide for its enforcement by remedy as for breach of contract.

The judgment is accordingly reversed as to Gulka, and the cause remanded for further proceedings not inconsistent with this opinion; costs to abide the event.