8 N.J. Super. 497 (1950)
73 A.2d 362
THE HILLSDALE NATIONAL BANK OF HILLSDALE, NEW JERSEY, A NATIONAL BANKING INSTITUTION, PLAINTIFF,
v.
JOHN SANSONE, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided May 8, 1950.
*499 Mr. Harry Randall, attorney for the plaintiff.
Mr. Joseph Grossman (Messrs. Grossman & Kampelman, attorneys), for the defendant.
WAESCHE, J.S.C.
This suit is on a promissory note. Plaintiff is the holder of the note. The defendant is the maker. The case was tried without a jury, and on a stipulation of the facts.
Under a conditional sales contract, dated August 2, 1948, the defendant agreed to purchase from the Economizer Products, Inc., an economizer bar dispensing unit. The note on which this action is brought was given in payment of said unit. The relevant parts of the note, which is also dated August 2, 1948, read as follows:
"For value received, I * * * promise to pay to the order of Economizer Products, Inc. the sum of eleven hundred fifty-eight dollars and forty-eight cents as follows: 36 equal successive monthly installments of $32.18 each * * * beginning September 15, 1948, and the remaining installments on the same date of each month thereafter until paid, with interest at 6 per cent after maturity, at the office of THE HILLSDALE NATIONAL BANK, Hillsdale, New Jersey. * * * in the event that any of the terms and conditions of a conditional sales contract dated as of even date between the maker and the payee of this note are not fully complied with, this note shall, at the option of the holder hereof, become due and payable without demand and notice. * * *
"(signed) John Sansone (seal)."
The note was properly indorsed by the Economizer Products, Inc., and delivered to the plaintiff for value.
It is agreed that at the time the defendant executed the note, he was insane and mentally incapable of entering into *500 any contract; but defendant had not been adjudicated a lunatic. The plaintiff received the note in good faith and for value, without knowledge of the defendant's mental incapacity and without any notice of facts indicating the defendant's incapacity.
It is also agreed that the aforesaid economizer bar dispensing unit has never been used; and that the defendant has offered to return the unit to the Economizer Products, Inc., or to the plaintiff, and that he now tenders himself ready, able, and willing to return the said unit.
It is also agreed that the plaintiff never ratified the conditional sales contract, or the note; and that nothing has been paid on account of the note.
A common understanding of all the terms of a contract, and mutual assent are essential elements in the formation of every contract. In order to be binding, obligations expressed by the terms of a contract must find legal support in the deliberate intentions of all contributing parties. In the case of P. Ballantine & Sons v. Gulka, 117 N.J.L. 84, our former Supreme Court said, "It is an established principle, fundamental in the law of contracts, that a contractual obligation arises from the mutual consent of the parties only. The true contract, whether it be express or implied in fact, has its source in the common intention of the parties." In the case of Wells v. Wells, 197 Ind. 236; 150 N.E. 361 (Supreme Court of Indiana), the court said, "It is elementary that a contract is the product of a meeting of the minds, and that mutual assent is necessary to the making of a valid contract. It follows that, where one of the parties is insane, there can be no mutual assent, and therefore no contract." This same rule of law is expressed in 17 C.J.S. 479, § 133-a, in the following language, "It is essential to the validity of a contract that the parties thereto possess * * * the mental competence affording capacity to consent. To make a valid contract each party must be of sufficient mental capacity to appreciate the effect of what he is doing and must also be able to exercise his will with reference thereto."
*501 In the present case, the defendant agreed to purchase from the Economizer Products, Inc., under a conditional sales contract, an economizer bar dispensing unit. The defendant was to pay for this unit in 36 equal successive monthly installments of $32.18 each, for which he executed and delivered to the seller the promissory note on which this suit is brought. Pursuant to the conditional sales contract and the execution and delivery of the note, the aforesaid unit was delivered to the defendant. The said note was, therefore, part of the conditional sales contract, which is, at most, only partly performed. The plaintiff is chargeable with knowledge of these facts because the note itself expressly refers to the conditional sales contract (General Contract, etc., Corp. v. Moon Carrier Corp., 129 N.J.L. 431). The defendant was insane at the time the conditional sales contract was entered into, and he has now completely avoided the contract by offering to return the economizer bar dispensing unit, which has never been used.
In the case of Matthiessen & Weichers Refining Co. v. McMahon's Adm'r., 38 N.J.L. 536, our former Court of Errors and Appeals held that the general rule in dealing with contracts of lunatics is that such contracts are invalid. But, as the court pointed out, lunatics may be held liable on contracts which are perfectly fair and reasonable; which have been fully executed; and on which a consideration of benefit to the lunatic has been given. The court said, "The liability of the lunatic in such cases is upheld, not on the ground of contract, but on the fact that the lunatic had received and enjoyed an actual benefit from the contract." Our former Supreme Court, in the case of Drake v. Crowell, 40 N.J.L. 58, succinctly stated the law as follows:
"The law in this state is settled, that contracts with lunatics and insane persons are invalid, subject to the qualification that a contract made in good faith, with a lunatic, for a full consideration, which has been executed without knowledge of the insanity, or such information as would lead a prudent person to the belief of the incapacity, will be sustained."
*502 In the case of Miller v. Barber, 73 N.J.L. 38, our former Supreme Court held that a deed made and delivered by a lunatic was not "void," provided, it was accepted in good faith, without knowledge or notice of the insanity, and that the lunatic received good and valuable consideration for the deed. But the court held that the deed was "voidable"; and that it could be avoided by the lunatic tendering back the consideration he received for the deed. The principle is explained in Neblett v. Macfarland, 92 U.S. 101, 103; 23 L.Ed. 471, as follows: "The court proceeds on the principle that, as the transaction ought never to have taken place, the parties are to be placed as far as possible in the situation in which they would have stood if there had never been any such transaction." And the law, as expressed in Restatement of the Law of Contracts, Vol. 2, § 431, is that, "A voidable contractual duty or duty to make compensation is discharged by the affirmative action required for the exercise of the power of avoidance." In the present case the lunatic avoided the contract by offering to return the article he received in payment of which he gave the note. Hence, there is now no consideration for the note.
The negotiable instruments law provides that the title of a person who negotiates an instrument is defective when he obtained the instrument by fraud, duress, or force and fear, or other unlawful means, or for an illegal consideration (R.S. 7:2-55). Since the note in the present case was not obtained by any of these means, the plaintiff does not hold the defendant's note free from "any defect of title of prior parties" within the meaning of section 7:2-57 of the Revised Statutes.
As we have seen, the liability of the defendant, because of his insanity, cannot be upheld on the ground of his contract. Therefore, in order for the plaintiff to recover, it must prove affirmatively that the defendant received and enjoyed an actual benefit from the conditional sales contract, and that the parties cannot be restored to their original position (Matthiessen & Weichers Refining Co. v. McMahon's *503 Adm'r., supra). Hence, the provision in section 7:2-57 of the negotiable instruments law that a holder in due course holds the note free from "defenses available to prior parties among themselves" is not applicable in the case sub judice.
In Corpus Juris Secundum (Vol. 10, p. 1114, § 506-d) the rule of law is expressed as follows:
"Insanity rendering the maker, * * * incapable of understanding at the time of signing a negotiable instrument the nature and effect of his act is a defense, in an action against such person on such instrument, as against even a bona fide holder thereof."
For the foregoing reasons, there will be a judgment for the defendant.